# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| SARA HAWES, *et al.*, | : | Case No. 1:17-cv-754 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| MACY'S INC., *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING
## DEFENDANT AQ TEXTILES LLC's MOTION TO DISMISS

This civil action is before the Court upon Defendant AQ Textiles LLC ("AQ")'s motion to dismiss for lack of personal jurisdiction, lack of standing, and failure to state a claim (Doc. 16) and the parties' responsive memoranda (Docs. 26 and 33). Ultimately, the Court lacks personal jurisdiction over AQ, and therefore the Court need not address Defendant's arguments that the complaint should be dismissed for lack of standing and failure to state a claim.

## I. BACKGROUND

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiffs Sara Hawes and Amy Hill are unsatisfied customers who claim that the bed sheets they purchased in California and Missouri, respectively, were labeled with

1

inflated thread counts. (Doc. 1 at ¶¶ 11–12). Plaintiffs claim that Defendants Macy's Inc. ("Macy's"), AQ, and Creative Textile Mills Pvt. Ltd. ("Creative") are responsible for deceiving and misleading them, and the American consumer public, into buying the bed sheets with inflated thread counts.

For the purposes of this motion, AQ's conduct and connection with Ohio is critical. AQ is a North Carolina LLC with its principal place of business in North Carolina. (*Id.* at ¶ 16). Macy's is a Delaware corporation with its principal place of business in Ohio. (*Id.* at ¶ 13). AQ imports and distributes sheets and bedding products to Macy's. (*Id.* at ¶ 18). AQ allegedly participated in developing the labeling and packaging that included inflated thread counts. (*Id.* at ¶ 37). Plaintiffs state that contracts between AQ, Creative, and Macy's "provided for products warranted to be of a particular thread count." (*Id.* at ¶ 86). The complaint blanketly states that "Defendants conduct business in this District and have intentionally availed themselves of the laws and markets of this District, and a substantial part of the events or omissions giving rise to claims occurred in this district." (*Id.* at ¶ 8).

## II.　STANDARD OF REVIEW

Plaintiffs bear the burden of establishing personal jurisdiction. *Mich. Nat'l Bank v. Quality Dinette, Inc.,* 888 F.2d 462, 466 (6th Cir.1989). This burden, however, is "relatively slight." *Coast to Coast Health Care Serv., Inc. v. Meyerhoffer,* 2:10-cv-734, 2012 WL 169963, at *3 (S.D. Ohio Jan. 19, 2012). In deciding whether personal jurisdiction exists, a court has discretion to hold a hearing or to rely on the affidavits and

factual allegations in the pleadings. *Id.*

When a defendant files a properly supported motion to dismiss, "the plaintiff may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991). A plaintiff "need only make a *prima facie* showing of jurisdiction." *Id.* Dismissal is proper where a plaintiff's factual allegations taken together fail to establish a *prima facie* case for personal jurisdiction. *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996). In ruling on a 12(b)(2) motion, the "court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). A court must construe the facts presented in the pleadings and affidavits in the light most favorable to the nonmoving party. *See Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

### III. ANALYSIS

A federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). Here, AQ asserts that the Court lacks personal jurisdiction over AQ. The Court agrees.

Generally, this Court is permitted to exercise personal jurisdiction over out-of-state defendants when the defendant has "certain minimum contacts with [Ohio] such that

maintenance of the suit [here] does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

There are two types of personal jurisdiction: general and specific jurisdiction. Courts may exercise general jurisdiction against a corporation in a place where "the corporation is fairly regarded at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). However, specific jurisdiction is different. "In order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Here, Plaintiffs do not suggest that the Court has general jurisdiction over AQ; therefore, the specific question presented is whether specific jurisdiction over AQ exists.

In diversity cases, "we look to the law of the forum state to determine whether personal jurisdiction exists." *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir. 2000). In order to determine whether personal jurisdiction exists over an out-of-state corporation, the Court must examine: (1) whether Ohio's long-arm statute permits the exercise of jurisdiction and (2) if so, whether exercising personal jurisdiction would violate constitutional due process. *Citizens Bank v. Parnes*, 376 Fed. App'x 496, 501 (6th Cir. 2010).

### a. Long–Arm Statute

"Although the Ohio Supreme Court has determined the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause, [the] central inquiry is whether minimum contacts are satisfied so as not to offend 'traditional notions of fair play and substantial justice.'" *Calphalon,* 228 F.3d at 721.

Ohio's long-arm statute provides in relevant part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
>
> (2) Contracting to supply services or goods in this state;

Ohio Rev. Code § 2307.382(A)(1), (2). "When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him." *Id.* at subsection (C).

#### 1. Transacting Business

The term "transacting any business" as used in the statute is given broad interpretation. *Brunner v. Hampson,* 441 F.3d 457, 464 (6th Cir. 2006). However, the out-of-state defendant must have "ongoing substantive contacts," and "the existence of a contract or simply soliciting business in Ohio is not enough." *Evenflo Co., Inc. v. Augustine,* No. 3:14-cv-00076, 2014 WL 3105016, at *4 (S.D. Ohio July 3, 2014).

Plaintiffs contend they have shown that AQ transacted business in Ohio because the complaint states, "Defendant AQ Textiles. . . imports and distributes the relevant

5

sheet and bedding product to Defendant Macy's." (Doc. 1 at ¶ 18). Plaintiffs claim that AQ sold the products in many markets, including Ohio, and intended to target consumers in states like Ohio. (*Id.* at ¶¶ 8, 45, 56, 86). Yet Plaintiffs do not actually allege that AQ imports and distributes its products <u>to Ohio</u>. AQ argues that there are no allegations that (1) AQ has ever done business in Ohio; (2) AQ sells or ships products to Ohio; (3) AQ owns or leases property or employs persons in Ohio, (4) AQ has participated in any conduct in Ohio; (5) any representative of AQ has ever been to Ohio. (Doc. 33 at 4).

Two factors help determine whether an out-of-state defendant "transacted business" within the meaning of the long-arm statute. *Hitachi Med. Sys. Am., Inc. v. St. Louis Gynecology & Oncology, LLC,* No. 5:09-cv-2613, 2011 WL 711568, at *4–5 (N.D. Ohio Feb. 22, 2011).

The first factor is whether the out-of-state defendant initiated the dealing. If it were the defendant who "reached out" to the forum state to create a business relationship, the defendant has transacted business within the forum state. The question of who initiates the contact, however, is but one factor to be considered and the determination is not always dependent upon who initiates the contact. *Id.* at *5. Here, the complaint is devoid of any allegation that AQ reached out to Ohio to create a business relationship with Macy's. Thus, the first factor weighs in AQ's favor.

The second factor is "whether the parties conducted their negotiations or discussions in the forum state, or with terms affecting the forum state." *Id.* If the parties

6

negotiated in Ohio with provisions affecting Ohio, the nonresident transacted business in Ohio. *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) ("When a nonresident defendant transacts business by negotiating and executing a contract via telephone calls and letters to an Ohio resident, then the defendant has purposefully availed himself of the forum by creating a continuing obligation in Ohio."). However, merely directing communications to an Ohio resident for the purpose of negotiating an agreement, without more, is insufficient to constitute "transacting business." "Rather, there must additionally be some continuing obligation that connects the non-resident defendant to the state or some terms of the agreement that affect the state." *Shaker Const. Group, LLC v. Schilling*, 2008 WL 4346777, at *3 (S.D. Ohio Sept. 18, 2008) (citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.,* 53 Ohio St.3d 73, 559 N.E.2d 477, 480 (1990)). Here, while Plaintiffs allege that there is a contract between AQ and Macy's (*Id.* at ¶ 86), there are no allegations that the contract was negotiated in Ohio, was signed in Ohio, was performed in Ohio, or includes terms affecting the forum state. Thus, the second factor weighs in AQ's favor.

Nevertheless, although the Court finds that Plaintiffs have failed to meet their burden to establish that AQ transacted business in Ohio, even assuming AQ did transact business within Ohio, Plaintiffs have failed to show their claims arise from AQ's contact with Ohio.

### 2. AQ's contacts with Ohio are not the proximate cause of Plaintiffs' injury

Ohio's "long-arm statute requires a 'proximate cause' relationship between a plaintiff's personal injury claim and the defendant's conduct in Ohio." *Brunner*, 441 F.3d at 466 (analyzing *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 1994-Ohio-229, 638 N.E.2d 541 (1994)). "Even if a defendant's activity in the state is a "but-for" cause of a [plaintiff]'s injuries, that's not enough under Ohio's long-arm statute." *Seitz v. U.S. Nat'l Whitewater Ctr., Inc.*, No. 2:17-cv-524, 2018 WL 582553, at *2 (S.D. Ohio Jan. 26, 2018) (citing *Brunner*, 441 F.3d at 465–66; *Goldstein*, 70 Ohio St. 3d at 238 n.1). Merely soliciting business in Ohio is insufficient "to sustain personal jurisdiction." *Brunner*, 441 F.3d at 467. "For a court to assert specific jurisdiction, the contact with the forum state must be proximately related to the plaintiff's injuries." *Seitz*, 2018 WL 582553, at *2.

Here, Plaintiffs have simply failed to allege that any business that AQ transacted with Macy's in Ohio proximately caused Plaintiffs' injury. Plaintiffs' alleged injuries relate to their purchase of bed sheets in California and Missouri. These injuries are unrelated to any purported business that AQ has conducted in Ohio.

Moreover, even if AQ engaged in a nationwide course of conduct to sell bed sheets, including in Ohio, that is insufficient for specific jurisdiction in Ohio to be appropriate. The analysis of specific jurisdiction in the case of *Demaria v. Nissan N. Am. Inc.*, No. 15 C 3321, 2016 WL 374145 (N.D. Ill. Feb. 1, 2016), although under the

8

"arising from" prong of the due process evaluation,[1] is informative.[2] In that case, the court found that it did not have specific jurisdiction over several potential class action plaintiffs who had not been injured in the forum state. *Id.* at *8 ("each plaintiff's claim is predicated on the law of the particular state where he or she purchased a car and the claims of the other plaintiffs as alleged remain unrelated to anything that transpired in [the forum state]." Here, the Court cannot find that AQ's conduct in Ohio was the proximate cause of any injuries suffered by the Plaintiffs in California and Missouri.

The Court finds that Ohio's long-arm statute does not authorize personal jurisdiction over AQ. Accordingly, the Court need not examine whether exercising personal jurisdiction over AQ would be permissible under the Due Process Clause. Having found that the Court lacks personal jurisdiction, AQ may currently rest easy.

---

[1] The Sixth Circuit's due process analysis requires that three prongs be satisfied: "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016).

[2] Notably, "[t]he requirement that contacts be the proximate cause of the asserted harm to satisfy the long-arm statute is necessarily more restrictive than the but-for "arising from" standard applicable in the due process context." *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. App'x 425, 432 n.2 (6th Cir. 2006)

## IV. CONCLUSION

For the foregoing reasons, Defendant AQ Textile LLC's motion to dismiss (Doc. 16) is **GRANTED,** and claims against it are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

Date:  9/28/18

*Timothy S. Black*
Timothy S. Black
United States District Judge