UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SARA HAWES, *et al.*, | : | Case No. 1:17-cv-754 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| MACY'S INC., *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT MACY'S TO DISMISS**

This civil action is before the Court upon Defendant Macy's Inc. ("Macy's")'s motion to dismiss for lack of standing and failure to state a claim (Doc. 17) and the parties' responsive memoranda (Docs. 25 and 34).

### I. FACTS <u>AS ALLEGED</u> BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiffs Sara Hawes and Amy Hill are unsatisfied customers who claim that the bed sheets they purchased in California and Missouri, respectively, were labeled with inflated thread counts. Plaintiff Hawes claims that her 900 thread-count sheets were actually 249 thread-count and Plaintiff Hill claims that her 1000 thread-count sheets were "far less." (Doc. 1 at ¶¶ 11–12). Plaintiffs claim that Defendants Macy's, AQ Textiles LLC ("AQ"), and Creative Textile Mills Pvt. Ltd. ("Creative") are responsible for

deceiving, misleading, and inducing them — and the American consumer public — into buying these bed sheets with false, inflated thread counts. (*Id.* at ¶¶ 1, 3–5, 24–29, 34–35, 47).

Plaintiffs claim that Macy's was aware that consumers associate higher thread counts with being higher in quality, being softer, and being more comfortable. (*Id.* at ¶¶ 1–2, 11–12, 21–23). Macy's allegedly made misleading statements regarding the bedding products on its website and in its retail stores. (*Id.* at ¶ 42). Plaintiffs claim Macy's knew or should have known that thread counts were being inaccurately reported. (*Id.* at ¶¶ 46, 50). Plaintiffs allege they have suffered because the products they purchased with inaccurate thread counts did not perform with the same characteristics as sheets with the thread counts as advertised, and that the products were not fit for use. (*Id.* at ¶¶ 80, 160).

Plaintiffs assert ten claims against Macy's: (1) violation of the Magnuson-Moss Warranty Act ("MMWA"); (2) violation of the Missouri Merchandising Practices Act ("MMPA"); (3)–(5) violations of the California Unfair Competition Law ("UCL"), (6) violation of California's Fair Advertising Law ("FAL") (California Business and Professions Code); (7) violation of the California Consumer Legal Remedies Act ("CLRA"); (8) breach of the implied warranty of merchantability; (9) breach of express warranty; and (10) fraud. (*Id.* at ¶¶ 68–182).

## II. STANDARD OF REVIEW

### A. Lack of Standing

Under Federal Rule of Civil Procedure (12)(b)(1), a court may dismiss a case for lack of subject matter jurisdiction. Standing to sue is a threshold jurisdictional requirement in every federal action. *Sicom Sys., Ltd. v. Agilent Techs., Inc.,* 427 F.3d 971, 975 (Fed. Cir. 2005).

Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Sweeton v. Brown*, 27 F.3d 1162, 1169 (6th Cir. 1994) (quoting *United States v. Siviglia,* 686 F.2d 832, 835 (10th Cir. 1981), *cert. denied,* 461 U.S. 918 (1983)).

### B. Failure to State a Claim

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555).  In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

### A. Lack of Standing

Defendants urge the Court to dismiss for lack of standing all of Plaintiffs' claims that are based on products that the named Plaintiffs did not actually purchase. Here, Plaintiffs Hawes and Hills each only purchased one set of AQ sheets at Macy's. However, Plaintiffs seek to assert claims on behalf of all persons who purchased sheets from Macy's "that [were] manufactured or supplied by [AQ] and/or [Creative] and that [were] packaged or advertised with a representation regarding thread count." (Doc. 1 at ¶ 51).

"Courts are split as to whether plaintiffs have standing to assert claims relating to products they themselves did not purchase, but which are substantially similar to products they did purchase." *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 541 (S.D.N.Y. 2013). Defendants note that courts often dismiss class-action claims with respect to products the named plaintiff did not actually buy. See, e.g., *Murray v. Sears, Roebuck & Co.*, No. C 09-5744 CW, 2014 U.S. Dist. LEXIS 18082, at *31-32 (N.D. Cal. Feb. 12, 2014) ("A plaintiff therefore may not represent a class in bringing CLRA claims based on products that he or she never purchased."); *Pearson v. Target Corp.*, No. 11 CV 7972, 2012 U.S. Dist. LEXIS 187208, at *3-4 (N.D. Ill. Nov. 9, 2012) ("[H]ow could [plaintiff] possibly have been injured by representations made on a product he did not buy?"); *Granfield v. Nvidia Corp.*, No. C 11-05403 JW, 2012 U.S. Dist. LEXIS 98678, at *18-19 (N.D. Cal. July 11, 2012) ("[W]hen a plaintiff asserts claims based both on products that she

purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing.").

However, "[t]he majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012) (citing several cases). "[T]he critical inquiry is whether there is sufficient similarity between the products purchased and not purchased." *Davidson v. Kimberly–Clark Corp.,* No. C 14–1783, 2014 WL 3919857, at *6 (N.D. Cal. Aug. 8, 2014) (internal quotation marks omitted). The Court agrees with the majority view and finds that as long as the purchased and unpurchased products are substantially similar, Plaintiffs have standing to assert claims based on products they did not purchase.

In evaluating whether purchased and unpurchased products are substantially similar, courts consider both physical similarities between the products and similarities between the alleged misrepresentations. *See Mednick v. Precor. Inc.*, No. 14 C 3624, 2014 WL 647915, at *3 (N.D. Ill. Nov. 13, 2014) ("In a claim based on common misrepresentations, courts consider not only physical similarities but also the misrepresentations' similarities"); *Davidson,* 2014 WL 3919857, at *6 ("In general, courts permit plaintiffs to brings claims regarding products they did not purchase where common misrepresentations are the crux of [the plaintiff's] case.") (internal quotation

6

marks omitted).

Here, the Court finds that Plaintiffs have adequately alleged that the purchased and unpurchased products are substantially similar physically (bed sheets made/imported by AQ/Creative and sold at Macy's) and the alleged misrepresentations are similar (inflated thread counts). Thus, under the majority approach, Plaintiffs' claims based on products they did not purchase should not be dismissed at this point.

Moreover, the Court agrees with Plaintiffs that the analysis of whether Plaintiffs have standing to bring claims on behalf of other purchasers is more appropriate at the class certification stage, not upon a motion to dismiss. *See Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 542 (S.D.N.Y. 2013) ("the Court finds the appropriate time to consider whether plaintiffs can bring claims on behalf of purchasers of all of the various [products] is at the class certification stage, not on a motion to dismiss."); *Koh v. S.C. Johnson & Son, Inc.,* 2010 WL 94265, at *3 (N.D. Cal. Jan. 6, 2010) (denying defendants motion to dismiss plaintiff's claims relating to products he did not purchase, noting "this is not a case in which plaintiff is asserting claims against defendants that never harmed him," and "defer[ing] ruling on the issue until the class certification stage").

Accordingly, Macy's argument that Plaintiffs lack standing is put to bed until the class certification stage.

### B. Motion to Dismiss for Failure to State a Claim

Next, Macy's contends that Plaintiffs' complaint itself suffers from inflated counts and seeks to dismiss all claims.

7

### 1. Magnuson-Moss Warranty Act (Count I)

First, Macy's moves to dismiss claims under the MMWA. To adequately plead a violation of the MMWA, a plaintiff must allege "(i) the item at issue was subject to a warranty; (ii) the item did not conform to the warranty; (iii) the seller was given reasonable opportunity to cure any defects; and (iv) the seller failed to cure the defects within a reasonable time or a reasonable number of attempts." *Temple v. Fleetwood Enterprises, Inc.*, 133 Fed. App'x 254, 268 (6th Cir. 2005).

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). As the Court discusses *infra*, Plaintiffs have failed to state a claim for an implied warranty under state law,[1] and, therefore, the Court need only determine if the bed sheets did not conform to an express, written warranty.

A written warranty is defined as "any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is <u>defect free or will meet a specified level of performance over a specified period of time</u>." 15 U.S.C. § 2301(6)(A) (emphasis added). Plaintiffs

---

[1] Dismissal of state law implied warranty claims requires "the same disposition with respect to an associated MMWA claim." *Stearns v. Select Comfort Retail Corp.*, No. 08–2746, 2009 WL 1635931, at *9 (N.D. Cal. June 5, 2009)

8

contend that the specified thread count on the labels of the bed sheets are written warranties as they "constitute an assurance and promise that the products have a certain thread count and accordingly a certain character and quality." (Doc. 25 at 7). This argument lacks merit.

The stated thread counts on sheets do <u>not</u> constitute a written warranty under the MMWA. Even if thread count provides a certain character and quality over time as Plaintiffs argue, the thread count listed on the bedsheets does not list a <u>specified level</u> of performance over a <u>specified period</u> of time. *See Beautiful Home Textiles (USA) v. Burlington Coat Factory Warehouse Corp.*, 2014 WL 405240, at *12 (S.D.N.Y. Aug. 15, 2014) (dismissing claims because listing bed sheets' fiber content and thread count on a label is not a written warranty under the MMWA). Therefore, Plaintiffs have failed to demonstrate that the bed sheets were subject to a written warranty. Because the sheets were not subject to an implied or written warranty as defined by the MMWA, Plaintiffs have no viable claim under the MMWA.

Accordingly, Macy's motion to dismiss Count I is granted.

### 2. Breach of Warranty of Merchantability (Count VIII)

Macy's contends that Plaintiffs have failed to state a claim for breach of implied warranty of merchantability.

To state a claim for breach of implied warranty of merchantability under Missouri law, a plaintiff must demonstrate "(1) that a merchant sold goods, (2) which were not 'merchantable' at the time of the sale, (3) injury and damages to the plaintiff or his

property (4) which were caused proximately or in fact by the defective nature of the goods, and (5) notice to the seller of the injury." *Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 90 (Mo. Ct. App. 2011); *see also* Mo. Rev. Stat. § 400.2-314(2). California state law requires that the goods (1) pass without objection in the trade under the contract description; (2) are fit for the ordinary purposes for which those goods are used; (3) are adequately contained, packaged, and labeled; and (4) conform to the promises or affirmation of fact made on the container or label. Cal. Civ. Code § 1791.1.

Under both California and Missouri law, in order to adequately plead a breach of the implied warranty of merchantability, a plaintiff must show that "the product lacks even the most basic degree of fitness for ordinary use," *Birdsong v. Apple, Inc.*, 590 F.3d 955. 958 (9th Cir. 2009) (quotation omitted), or that the goods do not "*satisfy a minimum level of quality*." *Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 90 (Mo. Ct. App. 2011).

Plaintiffs contend that the sheets lack "the most basic degree of fitness for ordinary use" because they allege that sheets with higher thread counts are of better quality, softer, and more comfortable for sleeping than products with lesser thread counts. (Doc. 1 at ¶ 1). Notably, the complaint contains no allegations that Plaintiffs attempted to use the sheets and were harmed because the sheets were unfit for ordinary use.

While the complaint blanketly alleges that the sheets were "unfit for the ordinary purpose for which they are used," (*Id.* at ¶ 160), the ordinary use of a bed sheet is for the purpose of sleeping. No juror, except possibly the heroine of *The Princess and the Pea*, could reasonably find that 249-count bed sheets are entirely unfit for sleeping.

Here, Plaintiffs' disappointment in the quality of the bed sheets is insufficient to establish a breach of the implied warranty of merchantability. *Stearns*, 2009 WL 1635931, at *8 ("[P]laintiffs' general allegations of disappointed expectations [are] insufficient to establish that they suffered a cognizable harm."); *John v. Atkins Nutritionals*, No. 2:16-cv-04213, 2017 WL 6420199, at * 11 (W.D. Mo. Mar. 29, 2017) ("Plaintiff's complaint is fundamentally premised on allegations that the products did not meet Plaintiff's expectations. That is not sufficient to establish a breach of the implied warranty of merchantability.").

Accordingly, Macy's motion to dismiss Count VIII is granted.

### 3. Fraud Claims (Counts II, III, IV, V, VI, VII, X)

Macy's argues that Plaintiffs' fraud claims should be dismissed for failure to plead those claims with particularity. (Doc. 17-1 at 11–14).

Defendant contends that seven of Plaintiffs' claims sound in fraud. Count X is for fraud under Missouri and California law. Plaintiffs also bring claims under the MMPA (Count II); the UCL (Counts III, IV, V); the FAL (California Business and Professions Code) (Count VI); and the CLRA (Count VII).

Violations of the UCL, CLRA, and FAL all sound in fraud and thus are governed by Fed. R. Civ. P. 9(b)'s heightened pleading standing. *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1103–04 (9th Cir. 2003). Claims brought under the MMPA (Count II), a consumer

fraud statute, also require a plaintiff to satisfy the Rule 9(b) pleading standard. *Budach v. NIBCO, Inc.*, No. 2:14-cv-4324, 2015 WL 6870145, at *5 (W.D. Mo. Nov. 6, 2015).

Rule 9(b) provides that a party alleging fraud "must state with particularity the circumstances constituting" the fraud. "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged," such that defendants are given sufficient "notice of the particular misconduct" to enable them to "defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (9th Cir.2003) (internal quotation marks omitted). Here, Plaintiffs satisfy each of these requirements:

> **Who:** The complaint specifies that Macy's misrepresented the thread count of sheets that it sold. (Doc. 1 at ¶ 170)
>
> **What**: Bed sheets manufactured/imported by AQ and Creative and sold at Macy's. (*Id.* at ¶¶ 12–13, 38–39, 42).
>
> **When:** Plaintiff Hawes alleges she purchased the sheets at issue in or around May 2017. (*Id.* at ¶ 12). Plaintiff Hill alleges she purchased the sheets in the summer or fall of 2016. (*Id.* at ¶ 11).
>
> **Where:** Plaintiff Hawes purchased the sheets at Macy's retail store located at 8500 Beverly Blvd. in Los Angeles, CA. (*Id.* at ¶ 12). Plaintiff Hill purchased her sheets at a Macy's in St. Louis County, MO. (*Id.* at ¶ 11).
>
> **How:** Plaintiffs allege that Macy's was aware or should have been aware that its representations regarding thread count were not truthful. (*Id.* at ¶¶ 25–29). Plaintiffs allege that Macy's misrepresentations were intended to induce Plaintiffs to purchase the sheets. (*Id.* at ¶ 178). Plaintiffs allege that they relied on the thread count misrepresentation in purchasing the sheets. (*Id.* at ¶¶ 11–12, 21, 47, 57–58, 115).

Allegations such as these have been found to give "ample notice of the particular circumstances underlying Plaintiffs' claims against [the Defendant]." *Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1035 (N.D. Cal. 2016); *see also Chacanaca v. Quaker Oats Co.*, 752 F.Supp.2d 1111, 1126 (N.D. Cal. 2010) ( "[P]laintiffs have identified the particular statements they allege are misleading, the basis for that contention, where those statements appear ..., and the relevant time period in which the statements were used. As such, they have satisfied the requisite who, what, when, where, and how of the misconduct charged.") (internal quotation marks omitted); *Henricks v. StarKist Co.*, 30 F. Supp. 3d 917, 934 (N.D. Cal. 2014) (same).

For these reasons, the Court finds that Plaintiffs have alleged facts demonstrating that a reasonable consumer could be misled by Macy's thread count misrepresentations, and Plaintiffs have alleged those facts with sufficient specificity.[2]

Accordingly, Macy's motion to dismiss Counts II, III, IV, V, VI, VII, X for failing to plead with particularity is denied.

### 4. Timely Notice (Counts VII, VIII, IX)

Next, Defendants argue that Plaintiffs' claim for damages under the CLRA and

---

[2] Macy's additionally argues that Plaintiffs' fraud claims should be dismissed because they are barred by the economic loss rule. (Doc. 17-1 at 16–17). This argument is not well-taken. California and Missouri recognize an exception to the economic loss doctrine in instances of fraudulent inducement. *See, e.g.*, *Erlich v. Menezes*, 87 Cal. Rptr. 2d 886, 891 (Cal. 1999) (acknowledging exception to economic loss rule for instances of fraudulent inducement); *Patterson Oil Co., Inc v. Verifone, Inc.*, No. 2:15–cv–4089, 2015 WL 6149594, at *8 (W.D. Mo. Oct. 19, 2015) ("claims that the plaintiff was fraudulently induced to enter the contract are widely interpreted to present an exception to the economic loss doctrine."). Therefore, because the Court finds that Plaintiffs have adequately alleged fraudulent inducement, the fraud claims are not subject to the restrictions imposed by the economic loss rule.

13

Plaintiffs' breach of warranty claims[3] should be dismissed because Plaintiffs failed to timely provide notice to Macy's.

The CLRA requires a plaintiff to provide notice to a party allegedly violating the Act "[t]hirty days or more prior to the commencement of an action for damages pursuant to [the CLRA]." Cal. Civ. Code § 1782(a). Courts have strictly enforced the notice requirement, dismissing suits where notice was not sent or other requirements of § 1782 were not met. *See, e.g., Saitsky v. DirecTV, Inc.*, No. CV 08-7918, 2009 U.S. Dist. LEXIS 134817, at *18-19 (C.D. Cal. Sep. 22, 2009) (discussing *Utility Consumers' Action Network v. Sprint Solutions, Inc.*, No. C07-CV-2231-W, 2008 U.S. Dist. LEXIS 34159 (S.D. Cal. Apr. 25, 2008) (dismissing suit where notice was sent only one day before filing suit)); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1303-04 (S.D. Cal 2003) (dismissing for failure to comply with Section 1782, and noting that "***strict*** application of the requirement was necessary").

Under California law, a buyer alleging a breach of warranty must "within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." Cal. Commercial Code § 2607. Where a plaintiff "fails to plead that she provided notice within reasonable time of discovering the breach, as is required by § 2607," her breach of warranty claims "must be dismissed." *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817–18 (N.D. Cal. 2014).

---

[3] As noted *supra*, Plaintiffs' breach of the implied warranty of merchantability (Count VIII) is dismissed.

First, in Plaintiffs' opposition to the motion to dismiss, they state that they did provide notice to Macy's on June 27, 2017, over four months before filing the complaint. (Doc. 25 at 13–14). However, the complaint contains no such allegation. Both the CLRA and breach of warranty claims require the plaintiff to <u>plead</u> pre-suit notice. *Minkler*, 65 F. Supp. 3d at 817; *Budach*, 2015 WL 6870145, at *3. Here, the complaint contains no allegations related to the purported June 27, 2017 notice. Moreover, the complaint explicitly states that Plaintiffs have not provided notice as required and states that once Plaintiffs do provide notice, they will "amend this Complaint to also include a request for compensatory and punitive damages." (Doc. 1 at ¶ 153). Plaintiffs have not amended the complaint to reflect that notice has been provided.

Second, Plaintiffs argue that prelitigation notice was not necessary because it would have been futile. (Doc. 25 at 12–14). But Plaintiffs do not cite any case law indicating that the notice requirement can be waived for futility. Therefore, the Court finds that Plaintiffs have failed to adequately plead a claim for breach of express warranty and violation of the CLRA because they failed to properly plead notice.

Yet, courts in California have explained that dismissal *with prejudice* is unnecessary where California's notice requirement has not been met. The notice "requirement exists in order to allow a defendant to avoid liability for damages if the defendant corrects the alleged wrongs within 30 days after notice, or indicates within that 30–day period that it will correct those wrongs within a reasonable time." *Morgan v. AT&T Wireless Serv., Inc.*, 99 Cal. Rptr. 3d 768, 789 (Cal. Ct. App. 2009). While the

15

Court finds that Plaintiffs failed to provide notice for breach of warranty and under the CLRA, "dismissal *with prejudice* of a damages claim filed without the requisite notice is not required to satisfy this purpose." *Id.*

Accordingly, Defendants' motion to dismiss Counts VII and IX is granted and those counts are dismissed *without prejudice*.

### IV. CONCLUSION

For the foregoing reasons:

1) Defendant Macy's motion to dismiss (Doc. 17) is **GRANTED IN PART and DENIED IN PART** as follows:

    a. Defendant's motion to dismiss for lack of standing as to products not actually purchased by Plaintiffs is **DENIED;**

    b. Defendant's motion to dismiss Counts I and VIII is **GRANTED**, and those claims are **DISMISSED with prejudice**;

    c. Defendants' motion to dismiss Counts VII and IX is **GRANTED**, and those claims are **DIMISSED without prejudice**; and

    d. Defendants' motion to dismiss Counts II, III, IV, V, VI, X is **DENIED**, and those claims shall proceed.

**IT IS SO ORDERED.**

Date:  9/28/18

*Timothy S. Black*
Timothy S. Black
United States District Judge