UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SARA HAWES, *et al.*, | : | Case No. 1:17-cv-754 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| MACY'S INC., *et al.*, | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANT MACY'S
MOTION FOR CERTIFICATION TO FILE INTERLOCUTORY APPEAL
AND REQUEST TO STAY PROCEEDINGS (Doc. 43)**

This civil action is before the Court upon Defendant Macy's Inc. ("Macy's")'s motion for certification to file interlocutory appeal and stay proceedings (Doc. 43) and the parties' responsive memoranda (Docs. 47, 51).

## I. BACKGROUND

Macy's seeks certification for interlocutory appeal of the Court's September 28, 2018 Order (the "Order"), which granted in part and denied in part Macy's motion to dismiss. *See Hawes v. Macy's Inc.*, 346 F. Supp. 3d 1086 (S.D. Ohio). The Order denied Macy's motion to dismiss claims by Plaintiffs for lack of standing to bring claims related to products that the Plaintiffs did not actually purchase. Here, Plaintiffs purchased spreadsheets from Macy's that they allege had inflated thread counts. The Court found that Plaintiffs may have standing to "assert claims for unnamed class members based on products he or she did not purchase" because the products (bedsheets) and alleged

1

misrepresentations (inflated thread counts) are substantially similar.  *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012) (citing several cases).

Macy's now seeks that the Court modify or otherwise certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), the question of whether a class representative has standing to assert claims with respect to products she did not actually purchase.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1292:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Through § 1292(b), "Congress ... chose to confer on district courts first line discretion to allow interlocutory appeals." *Turi v. Main Street Adoption Servs., LLP,* 633 F.3d 496, 504 (6th Cir.2011).  "Allowing for interlocutory appeal is generally disfavored and should be applied sparingly, in only exceptional cases." *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F.Supp.2d 890, 917–18 (S.D. Ohio 2013) (citing *U.S. ex rel. Elliott v. Brickman Group Ltd., LLC,* 845 F.Supp.2d 858, 863 (S.D. Ohio 2012)). "Attractive as it may be to refer difficult matters to a higher court for advance decision, such a course of action is contrary to our system of jurisprudence." *U.S. ex rel. Elliot*, 845 F.Supp.2d at 863 (internal quotations omitted).

The district court may certify an order for interlocutory appeal if the court is of the opinion that three conditions exist: "(1) the order involves a controlling question of law to which there is (2) substantial ground for difference of opinion and ... (3) an immediate appeal may materially advance the termination of the litigation." 28 U.S.C. § 1292(b). "[I]nterlocutory appeals are limited to questions that present 'neat abstract issues of law.'" *Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir. 2006) (quoting *Turner v. Scott*, 119 F.3d 425, 428 (6th Cir. 1997)).

"The burden of showing exceptional circumstances justifying an interlocutory appeal rests with the party seeking review." *DRFP, LLC*, 945 F. Supp. 2d at 918 (S.D. Ohio 2013) (quoting *Trimble v. Bobby*, No. 5:10–CV–00149, 2011 WL 1982919, at *1 (N.D. Ohio May 20, 2011)).

### III.  ANALYSIS

The parties do not dispute that whether Plaintiffs have standing to bring claims related to products that Plaintiffs did not actually purchase is a controlling question of law. However, the parties dispute whether there is substantial ground for difference of opinion on that question.

A "substantial ground for difference of opinion" is present in at least three circumstances: "(1) the case is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *United States ex rel. Elliot v. Brickman Group Ltd., LLC*, 845 F.Supp.2d 858, 866 (S.D. Ohio

2012) (quoting *In re Regions Morgan Keegan ERISA Litig.*, 741 F.Supp.2d 844, 849 (W.D. Tenn. 2010)).

Macy's argues that there is substantial difference of opinion because district courts across the country are split on this question of law. In the Order, the Court recognized that district courts are divided on whether plaintiffs have standing to assert claims relating to products they themselves did not purchase, but which are substantially similar to products they did purchase. *Hawes*, 346 F. Supp. 3d at 1090–92. The Court ultimately agreed with district courts that found that "whether Plaintiffs have standing to bring claims on behalf of other purchasers is more appropriate at the class certification stage." *Id.* at 1091 (citing *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 542 (S.D.N.Y. 2013) ("the Court finds the appropriate time to consider whether plaintiffs can bring claims on behalf of purchasers of all of the various [products] is at the class certification stage, not on a motion to dismiss."); *Koh v. S.C. Johnson & Son, Inc.,* 2010 WL 94265, at *3 (N.D. Cal. Jan. 6, 2010) (denying defendants motion to dismiss plaintiff's claims relating to products he did not purchase, noting "this is not a case in which plaintiff is asserting claims against defendants that never harmed him," and "defer[ing] ruling on the issue until the class certification stage")).

Macy's largely relies on a Northern District of Ohio decision, *Godec v. Bayer Corp.*, No. 1:10-cv-224, 2011 WL 5513202, at *2 (N.D. Ohio Nov. 11, 2011), to contend that a difference of opinion exists on this issue within the Sixth Circuit. In that case, the district court found that the named plaintiff did not have standing to assert claims

regarding a product he did not purchase. *Id.* at *2. However, in that case the plaintiff sought certification for two distinct classes concerning two different vitamin products. *Id.* Therefore, in that case the vitamin that the plaintiff purchased and the other vitamin product that the plaintiff did not purchase were not substantially similar. Here, however, the Court has already found that "Plaintiffs have adequately alleged that the purchased and unpurchased products are substantially similar physically (bed sheets made/imported by AQ/Creative and sold at Macy's) and the alleged misrepresentations are similar (inflated thread counts)." *Hawes*, 346 F. Supp. 3d at 1091. Therefore, *Godec* does not directly demonstrate that there is a difference of opinion within the controlling circuit regarding the issue before the Court. Moreover, *Godec* was actually decided at the class certification stage, which further supports this Court's finding that this issue should be addressed at the class certification stage.

Plaintiffs argue that the Sixth Circuit has in fact addressed the issue before the Court. In *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998), the Sixth Circuit held that "[o]nce [the plaintiff's] standing has been established, whether a plaintiff will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria in Rule 23 of the Federal Rules of Civil Procedure." *Id.* at 423. District courts outside of the Sixth Circuit have relied on *Fallick* in determining that whether a plaintiff has standing to assert claims on behalf of other purchasers for products that the plaintiff did not purchase is "more properly one for consideration at the class certification stage." *Astiana v. Dreyer's*

5

*Grand Ice Cream, Inc.*, C-11-3164 EMC, 2012 2990766, at *12 (N.D. Cal. July 20, 2012); *see also Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 992 (E.D. Cal. 2012) (finding that whether a named plaintiff in a class action case can file a lawsuit for products that they did not purchase depends on analysis under Fed. R. Civ. P. 23). Therefore, Plaintiffs' argument that the Sixth Circuit has in fact already addressed the question of law currently before the Court is persuasive.

The Court stands by its finding that whether Plaintiffs have standing to bring claims on behalf of other purchasers for products they did not in fact purchase is more appropriate at the class certification stage. For the reasons discussed above, none of the circumstances demonstrating that there is a "substantial ground for difference of opinion" are present that would justify interlocutory appeal.

Yet even if the Court found that a substantial ground for difference of opinion on this controlling question of law was present, Macy's argument that interlocutory appeal would materially advance the ultimate termination of this litigation lacks merit. The Eleventh Circuit has noted that whether interlocutory appeal would materially advance the ultimate termination of litigation is "not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). Here, an interlocutory would not avoid trial or substantially shorten the litigation. At most an interlocutory appeal would limit the scope

of the proposed class.  The Court cannot find that this alone would materially advance the ultimate termination of this litigation.

Accordingly, Macy's has not met its burden of showing that the exceptional circumstances justifying interlocutory appeal exist.

## IV. CONCLUSION

For the foregoing reasons, Defendant Macy's motion for certification to file interlocutory appeal and stay proceedings (Doc. 43) is **DENIED**.

**IT IS SO ORDERED.**

Date: 4/4/19

*Timothy S. Black*
Timothy S. Black
United States District Judge