**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| HAWES, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> MACY'S INC., *et al.*, <br><br> Defendants. | Civil Action: 1:17-CV-00754 <br><br> Judge Timothy S. Black <br><br> Rule 26(f) Report of Parties |

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on July 17, 2019, and was attended by: Drew Lagando of Landskroner Grieco Merriman, LLC, Charles Schaffer of Levin Sedran & Berman, LLP, and Brendan Thompson of Cuneo Gilbert and LaDuca, LLP, counsel for Plaintiffs, and Jennifer Van Zant and Ryan Fairchild of Brooks, Pierce, McLendon, Humphrey & Leonard, LLP and Beth Bryan of Taft Stettinius & Hollister LLP, counsel for Defendant.

2. The parties will exchange pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) by September 16, 2019.

3. The parties do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

4. Recommended cut-off date for filing of motions directed to the pleadings: August 29, 2019.

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: September 16, 2019.

6. Recommended discovery plan:

    a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

Plaintiffs' Position: Plaintiffs intend to serve interrogatories and document requests regarding Defendant's research, development, production, marketing, labeling, pricing, and sale of the products at issue. Plaintiffs will inquire regarding any surveys or research, either internal or conducted through third parties, regarding consumers' perceptions of the Products and any information or documents regarding the products' pricing, including third-party pricing data. Plaintiffs also intend to depose Defendant's corporate representatives regarding these topics, and will likely notice depositions of fact witnesses identified in Defendant's disclosures, discovery responses, and documents.

Defendant's Position: The Defendant intends to take discovery regarding whether the action is appropriate for class certification, Plaintiffs' reasons for purchasing and experience with the sheets in question, Plaintiffs' allegations in the complaint, including with regard to alleged misrepresentations, the test results for the sheets, the appropriate methods of testing the sheets, and any advertising or representations relied on by Plaintiffs.

    b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

    None.

    c. Additional recommended limitations on discovery:

The parties propose the following schedule for case management:

| Description | Parties' Proposal |
|---|---|
| Rule 26(a)(1) Disclosures: | September 16, 2019 |
| Factual and Expert Discovery Deadline: | October 30, 2020 |
| Plaintiff's Expert Disclosures for Class Certification: | May 4, 2020 |

| | |
|---|---|
| Deadline to File Class Certification Motion: | May 4, 2020 |
| Rebuttal Expert Disclosures for Class Certification: | June 30, 2020 |
| Response to Class Certification Motion, including *Daubert* challenges relevant to class certification: | July 15, 2020 |
| Reply in Support of Class Certification and response to *Daubert* challenges relevant to class certification: | August 17, 2020 |
| Hearing on Class Certification Motion | At the Court's convenience |
| Plaintiff's Expert Disclosures for Trial | October 2, 2020 |
| Defendant's Expert Disclosures | December 2, 2020 |
| Deadline to File Dispositive Motions: | 30 days after Discovery Deadline |
| Responses to Dispositive Motions: | 24 days after Dispositive Motions |
| Replies in Support of Dispositive Motions: | 17 days after Response to Dispositive Motions |
| Final Pretrial Conference: | 21 days in advance of the trial date. |
| Trial Date: | At the Court's convenience |

d. Recommended date for disclosure of lay witnesses: 30 days in advance of the

trial date.

e. Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

The parties anticipate retaining expert witnesses specifically for the purpose to provide expert witness testimony on issues related to class certification and on the merits including the appropriate method(s) for counting the threads contained in the relevant sheets.

3

    f.  Recommended date for making primary expert designations: See above proposed schedule.

    g.  Recommended date for making rebuttal expert designations: See above proposed schedule.

    h.  The parties have electronically stored information in the following formats:

Defendant anticipates producing electronically stored information in useable formats including in pdf and/or in excel spreadsheets.

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

The parties do not anticipate large amounts of information being disclosed in formats other than pdf and in native format for excel spreadsheets.

    i.  The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

The parties plan to seek a Confidentiality Order to address any issues with regard to protections on discovery materials.

Have the parties agreed on a procedure to assert such claims **AFTER** production?

    _____  No

    _____  Yes

    \_\_\_\_\_X\_\_\_\_\_  Yes, and the parties ask that the Court include their agreement in an order. (To be included in the proposed Confidentiality Order.)

    j.  Recommended discovery cut-off date: See above proposed schedule.

    k.  Recommended dispositive motion date: See above proposed schedule.

7.    Recommended date for status conference (if any):

The parties recommend a status conference after the Court issues a ruling on class certification.

8. Suggestion as to type and timing of efforts at Alternative Dispute Resolution:

Plaintiffs: Welcome the opportunity to schedule and conduct a mediation as-soon-as-possible.

Defendant: Recommend conducting mediation late in the discovery period, after a decision on class action certification.

9. Recommended date for a final pretrial conference: three weeks before trial

10. Has a settlement demand been made? No. A response? N/A

11. Other matters pertinent to the scheduling or management of this litigation:

Plaintiffs have named the wrong entity as a defendant. Macy's Inc. is a holding company and did not sell any sheets. Macy's Retail Holdings, Inc. operates Macy's retail stores in the eastern part of the United States (excluding Florida), including stores in St. Louis County, Missouri where Ms. Hill allegedly purchased the sheets at issue. Macy's West Stores, Inc. operates the Macy's store located at 8500 Beverly Boulevard in Los Angeles, California where Ms. Hawes allegedly purchased the sheets at issue. Macy's Inc. is the wrong party and further is unlikely to have relevant information in its possession. The parties have discussed the filing of a stipulation to substitute parties.

This the 22nd day of July, 2019.

| Attorneys for Plaintiffs: | Attorneys for Defendant: |
|---|---|

Attorneys for Plaintiffs:

/s/ Drew Legando
Drew Legando (0084209)
Jack Landskroner (0059227)
LANDSKRONER GRIECO MERRIMAN, LLC
1360 W 9th Street, #200
Cleveland, OH 44113
Phone: (888) 570-3609
Jack@lgmlegal.com

Bruce Steckler
Stuart Cochran
Kirstine Rogers
STECKLER GRESHAM COCHRAN
12720 Hillcrest Rd, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
bruce@steckler.com
stuart@stecklerlaw.com
krogers@stecklerlaw.com

Erica Mirabella
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, MA
Phone: (855) 505-5342
erica@mirabellallc.com

Charles LaDuca
David Black
Brendan Thompson
CUNEO GILBERT & LADUCA LLP
4725 Wisconsin Ave., NW , Suite 200
Washington, DC 20016
Phone: (202) 789-3960
Facsimile: (202) 789-1813
charles@cuneolaw.com
dblack@cuneolaw.com

Attorneys for Defendant:

/s/ Beth A. Bryan
Beth A. Bryan (Ohio Reg. 0082076)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
bryan@taftlaw.com

Reid L. Phillips (admitted *pro hac vice*)
NC State Bar No. 7968
Jennifer K. Van Zant (admitted *pro hac vice*)
NC State Bar No. 21280
Andrew L. Rodenbough (admitted *pro hac vice*)
NC State Bar No. 46364
Ryan C. Fairchild (admitted *pro hac vice*)
N.C. State Bar No. 47729
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP
230 North Elm Street
2000 Renaissance Plaza
Greensboro, NC 27401
Telephone: (336) 373-8850
Facsimile: (336) 378-1001
rphillips@brookspierce.com
jvanzant@brookspierce.com
arodenbough@brookspierce.com
rfairchild@brookspierce.com

*Attorneys for Defendant Macy's Inc.*

Michael McShane
Clint Woods
AUDET & PARTNERS, LLP
711 Van Ness Avenue
Suite 500
San Francisco, CA 94102
Phone: (415) 568-2555
Facsimile: (415) 568-2556
mmcshane@audetlaw.com
lkuang@audetlaw.com

Charles Schaffer
LEVIN SEDRAN & BERMAN, LLP
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Phone: (877) 882-1011
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the Court's CM/ECF system, which will send electronic notification to all counsel of record.

This the 22nd day of July, 2019.

/s/ Beth A. Bryan
Beth A. Bryan
