UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SARA HAWES, *et al.*, | : | Case No. 1:17-cv-754 |
| Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| MACY'S INC., *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING
DEFENDANT MACY'S MOTION TO STRIKE COUNT SIX (Doc. 57) AND
REQUIRING PLAINTIFFS TO FILE A THIRD AMENDED COMPLAINT**

This civil action is before the Court upon Defendant Macy's Inc. ("Macy's")'s Motion to Strike Count Six of the Amended Class Action Complaint (Doc. 57) and the parties' responsive memoranda (Docs. 58 and 59).

On April 29, 2019, this Court granted in part and denied in part Plaintiffs' Motion for Leave to Amend the Complaint. (Doc. 54). Germane to the present issue, the Court held specifically that:

> The Court finds that Plaintiff Hawes' notice was improper under the CLRA and therefore Plaintiffs' proposed amended complaint fails to sufficiently state a claim under the CLRA. *See Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1303–04 (S.D. Cal. 2003) (granting defendant's motion to dismiss plaintiff's claims under the CLRA where the notice "was not delivered in the proper fashion"). Accordingly, Plaintiffs' motion for leave to amend the complaint is denied in relation to Plaintiff Hawes' claim brought under the CLRA as it is futile.

(*Id.* at PAGEID # 694).

On June 12, 2019, Plaintiffs filed their [Second] Amended Complaint (Doc. 55), purportedly pursuant to the Court's leave (*see* Doc. 54 at PAGEID # 698). Inexplicably, and without leave of Court, Plaintiffs presented a Count Six alleging a CLRA claim. (Doc. 55 at PAGEID #'s 725-728).

In response to Macy's Motion to Strike Count Six, Plaintiffs assert that the Court denied leave to file the CLRA claim because Hawes failed to provide the requisite pre-suit notice. However, Plaintiffs argue that the pre-suit notice requirement only pertains to claims for damages, not injunctive relief. Cal. Civ. Code § 1782(a) (notice required to bring "an action for damages"); Cal. Civ. Code § 1782(d) ("An action for injunctive relief . . . may be commenced without compliance with subdivision (a)."). Thus, Plaintiffs argue the CLRA claim in the amended complaint should proceed, because it seeks injunctive relief. (Doc. 55 at ¶ 130). However, in the Second Amended Complaint there is no mention of "injunctive relief" and Plaintiffs continue to allege pre-suit notice which the Court has ruled was insufficient as a matter of law. (*Id.* at ¶¶ 107, 131).

Regardless of Plaintiffs' characterization of their latest version of Count Six, Macy's moves to strike Count Six of the amended complaint (Doc. 57), because Plaintiffs did not seek leave and were not granted leave of court to file that CLRA claim.

Macy's is correct. And "[w]hen a court grants a party leave to amend a complaint, subsequent amendments that exceed the scope of the leave granted may be stricken under Rule 12(f)." *Wheat v. Chase Bank*, No. 3:11-cv-309, 2014 WL 457588, at *6 (S.D. Ohio Feb. 3, 2014).

Accordingly, Plaintiffs' Count Six of the [Second] Amended Complaint is hereby **STRICKEN**. Nonetheless, Plaintiffs are granted leave to file a Third Amended Complaint with a CLRA claim expressly seeking injunctive relief only. Moreover, because Plaintiffs have named the wrong Macy's entity as the Defendant, the [Second] Amended Complaint (Doc. 55) is **STRICKEN** in its entirety, and in the "Third Amended Class Action Complaint," Plaintiffs shall also name the proper Defendant. Plaintiffs shall file their Third Amended Complaint within 30 days of entry of this Order.

**IT IS SO ORDERED.**

Date:  7/30/2019

*Timothy S. Black*
Timothy S. Black
United States District Judge