UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SARA HAWES | Case No.: 1:17-cv-00754 |
| Plaintiff | Judge Timothy S. Black |
| v. | |
| MACY'S WEST STORES, INC. | |
| Defendant | |

**PLAINTIFF'S MOTION TO STRIKE REPORT & EXCLUDE OPINIONS
OF DEFENDANT'S PROPOSED EXPERT TUSHAR GHOSH**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii
INTRODUCTION ..................................................................................................................... 1
BACKGROUND ....................................................................................................................... 1
ARGUMENT ............................................................................................................................. 4
    A. Dr. Ghosh's Testimony Is Irrelevant ............................................................................. 5
    B. Dr. Ghosh's Testimony Is Not Reliable ........................................................................ 6
CONCLUSION .......................................................................................................................... 7
CERTIFICATE OF SERVICE .................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ........................................... 4

*Info-Hold, Inc. v. Muzak LLC*, No. 1:11-CV-283, 2013 WL 4482442, at *1 (S.D. Ohio Aug. 20, 2013) ........................................................................................................................................ 5

*Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir.2000) .................................................................. 5

**Rules**

Federal Rule of Evidence 702 ........................................................................................................ 4

## INTRODUCTION

Certification and liability in this case turn on one predominate issue: whether or not the thread counts of Macy's West Stores, Inc.'s sheets are uniformly misrepresented to consumers as determined by the industry-accepted methodology (ASTM 3775) for counting threads in textile products. Plaintiff's expert, Sean Cormier, who has decades of experience in testing the thread count of sheets pursuant to the recognized industry standard—ASTM 3775—has opined about the proper way to count the sheets and has determined that the thread count of Macy's sheets is far less than advertised.

Defendant's expert, Dr. Tushar Ghosh, to the contrary and despite testifying that ASTM 3775 is the appropriate industry standard for testing the thread count of the sheets, by his own admission is not qualified or experienced enough to perform ASTM tests of the sheets and did not test the sheets pursuant to the ASTM standard. Indeed, he did not test the thread count of the sheets *at all.*

The best Dr. Ghosh could offer is that he was told the sheets are manufactured in accordance with their specifications and a patent and therefore the thread count must be as represented on their packaging. Dr. Ghosh's lack of qualifications, leaps in logic, and failure to even attempt to calculate the thread count of the sheets makes his testimony irrelevant and unreliable.

## BACKGROUND

**The Sheets**

The sheets at issue in this case—although they come in different brands, sizes, and colors—are called Chief Value Cotton sheets, or CVC sheets. Each and every one is manufactured by Creative Textile Mills Ltd. and imported by AQ Textiles LLC. CVC sheets are a blend of cotton and polyester. The CVC sheets are woven with cotton threads in one direction (the "warp") and bundled polyester fibers in the cross-direction (the "weft"). Dr. Ghosh admitted he is not "too familiar" with what CVC sheets are and had never performed a thread count test on CVC-labeled

1

sheets before this case.[1] Worse, he did not count any of the sheets at issue in this case.[2] Most remarkably, he admitted that he has neither the qualifications or the experience to count CVC sheets pursuant to ASTM 3775: "I know I am not qualified…I don't have the experience."[3]

**The ASTM Standard**

Both Cormier and Ghosh agree ASTM 3775 is the industry-recognized standard for counting the number of threads in a woven textile, including CVC sheets.[4] That standard calls for an individual to use a "pick glass" or other instrument to physically count in a one-inch sample the number of cotton threads ("ends") in one direction and the number of polyester threads ("ends") in the other direction.[5]

**The Patent**

In September 2015, AAVN Inc. as assignee of Arun Agarwal, was issued US patent no. 9,131,790 B2 ("the Patent").[6] The Patent describes a process by which CVC sheets can be manufactured such that multiple fibers of polyester can be inserted simultaneously in one cycle of the weaving process. Unlike the ASTM, the Patent does not address the proper method for counting the thread count of the sheets post-manufacture.

**The Experts' Experience and Qualifications**

Plaintiff's expert, Sean Cormier, has tested thread counts, pursuant to ASMT 3775, on products "hundreds of times" in his career and as a professor at FIT and instructs his students about ASTM.[7] For this case, Mr. Cormier tested four sets of Macy's CVC sheets using ASTM 3775. One set were the sheets that Plaintiff Sara Hawes purchased which were purportedly 900 thread

---

[1] *See* Exhibit 1, Deposition of Tushar Ghosh, pp. 40-41.

[2] *Id.* at 68.

[3] *Id.* at 107.

[4] *Id.* at 17 -19.

[5] *See* Exhibit 2, ASTM Standard.

[6] *See* Exhibit 3, U.S. Patent No. 9,131,790 B2.

[7] *See* Exhibit 4, Deposition of Sean Cormier, p. 149:8-17.

2

counts.[8] Pursuant to ASTM 3775's test method, he properly "utilized the pick glass which is standard. I utilized my pick needle. I cut a small sample because it's easier than a big sheet. I pulled off a couple of yarns at the very top and at the very side so that I can see the construction and that I can count the yarns correctly."[9] By doing this, he "was able to see and count clearly the number of warp yarns and the number of filling yarns."[10]

Cormier's tests showed significant discrepancies between the represented thread counts and the actual thread counts. Sheets represented as having a thread count of 900 had an actual thread count of 227;[11] sheets represented as having a thread count of 625 represented sheets had an actual thread count of 205; sheets represented as having a thread count of 825 had an actual thread count of 248; and sheets represented as having a thread count of 1250 had an actual thread count of 248.[12]

To the contrary, Defendant's expert, Dr. Ghosh, is not qualified or experienced enough to perform an ASTM test on the CVC sheets. Accordingly, he did not perform any testing of the thread count of Macy's sheets.[13] Instead, he had a 30-40 minute phone call with 3 employees of the Indian manufacturer of the sheets, Creative Textile Mills, in which those employees allegedly told Dr. Ghosh that the sheets were manufactured in accordance with the Patent.[14] Dr. Ghosh does not know the titles or positions of the Creative employees with whom he spoke.[15] He did not visit

---

[8] *See* Exhibit 5, Cormier Report, p. 17.

[9] *See* Ex. 4, Cormier Depo. at 236:11-237:23; 241:3-6.

[10] *See* Ex. 5, Cormier Report at p. 17 ("by pulling a few yarns off both the warp and fill I was able to see and count clearly the number of warp yarns and the number of filling yarns").

[11] *Id.* at p. 17.

[12] *Id.*

[13] *See* Ex. 1, Ghosh Depo. at 68.

[14] *Id.* at 35-37; 49-55.

[15] *Id.*

3

India to view the manufacturing process in India.[16] He did not talk to the Patent holder.[17] He does not know when the sheets were manufactured.[18] He does not know if or when Creative obtained a license to manufacture the sheets in accordance with the Patent.[19] He was not aware that the Patent holder had previously sued Creative for false advertising, that the ITC had issued a general exclusion order prohibiting the importation of the falsely-labeled sheets, and that the state of Texas had previously sent a demand letter to Creative indicating that the thread count of the sheets was false.[20] Instead, Dr. Ghosh's opinion is based on the say-so of three gentlemen in India after a short phone call and a review of the specifications for the sheets—not on any actual thread count test performed in accordance with the ASTM industry standard.[21] And certainly not on his qualifications and experience, as he readily admitted.

## ARGUMENT

According to Federal Rule of Evidence 702, an expert's testimony shall rest "on a reliable foundation" and be "relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The witness must be "qualified . . . by knowledge, skill, experience, training, or education" and may testify where: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

---

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

4

"The Court's gatekeeping role involves a two-prong inquiry: (1) whether the proffered testimony is reliable; and (2) whether the expert's reasoning or methodology can be properly applied to the facts at issue, i.e., whether the opinion is relevant to the facts at issue." *Info-Hold, Inc. v. Muzak LLC*, No. 1:11-CV-283, 2013 WL 4482442, at *1 (S.D. Ohio Aug. 20, 2013), *aff'd in part, rev'd in part*, 783 F.3d 1365 (Fed. Cir. 2015) (internal citations omitted). The testimony shall "fit" the facts of the case and provide "a connection between the scientific research or test result being offered and the disputed factual issues in the case in which the expert will testify." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir.2000).

**A.      Dr. Ghosh's Testimony Is Irrelevant**

When asked to point out where the ASTM sets out that the individual counting the sheets should consider the manufacturing process involved in weaving the sheets, Dr. Ghosh could not do so.[22] And that's because the ASTM has nothing to do with how sheets are manufactured. The ASTM instead sets out a process for testing the thread count of sheets *after* they are manufactured. The ASTM requires the tester to count the number of threads in the warp and weft direction in one square inch, add those together, and come up with the thread count. The standard is clear that, even when two fibers or yarns are combined to form one larger thread, that combination is to be counted as a single thread:

> 9.1.1 Count the number of warp yarns (ends) and filling yarns (picks) in five randomly spaced places diagonally across the width of the laboratory sampling unit. Count individual warp ends and filling picks as single units, regardless of whether they are comprised of single or plied components.[23]

Dr. Ghosh did not even attempt to count the threads. Instead, he "examined" the sheets and determined that they consisted of cotton in the warp direction, and "intermingled" and "bundled" polyester fibers in the weft direction.[24] Each insertion of the bundled polyester fibers

---

[22] *See* Ex. 1, Ghosh Depo. at 19-23.

[23] *See* Ex. 2, ASTM standard.

[24] *See* Exhibit 6, Ghosh Report, pp. 11 and 13.

in the weft direction is about 300-400 microns (about the size of 3-4 human hairs).[25] Even at 300x magnification, Dr. Ghosh testified that is not possible to see the individual polyester threads in the "intermingled" and "bundled" polyester mess.[26] Nor can they be counted.[27]

Dr. Ghosh's opinion that the sheets were manufactured in accordance with the Patent is irrelevant. How the sheets were manufactured, assuming they were manufactured that way at all, has nothing to do with the thread count of the sheets as determined by an appropriate ASTM test. Any such testimony will only confuse the issues and the trier of fact because this is not a patent case. And the Patent has nothing to do with ASTM testing in any event.

**B.     Dr. Ghosh's Testimony Is Not Reliable**

Dr. Ghosh said it himself: "I know am not qualified…I don't have the experience."[28] Because by his own admission he is not qualified to count the sheets, any testimony he offers about the count of the sheets is unreliable.

Moreover, because Dr. Ghosh's opinion is not based on the accepted, industry standard for counting sheets, any such opinion is unreliable. The ASTM standards are promulgated for a reason—so that the industry knows how to count the threads in a textile fabric.[29] Any examination of the sheets that does not comply with the industry standard is by definition not accepted in the industry and therefore unreliable.

Dr. Ghosh's opinion is not reliable for the further reason that his opinion that the sheets are manufactured in accordance with the Patent is based on the hearsay say-so of three employees of Creative Textiles—the manufacturer of the sheets and a defendant in related cases (Creative has been dismiss from multiple suits on jurisdictional grounds). But Dr. Ghosh is not even sure the

---

[25] *See* Ex. 1, Ghosh Depo. at 79; 82-83.

[26] *Id.*

[27] *Id.* at 79.

[28] *Id.* at 107.

[29] *Id.* at 24.

sheets he examined were manufactured by Creative.[30] And Dr. Ghosh does not even know the titles of the employees with whom he spoke nor their technical expertise with respect to the manufacturing of the sheets.[31]

## CONCLUSION

Both experts designated in this case agree that ASTM 3775 is the standard used by the industry to count the threads in woven textiles. Plaintiff's expert, Sean Cormier, is highly experienced in performing and performed ASTM testing here that determined the thread count of the sheets is inaccurate. Defendant's expert, Dr. Ghosh, not only did not perform a single ASTM test, but he is by his own admission unqualified to perform such a test. Dr. Ghosh's opinion that the sheets were manufactured in accordance with the Patent is irrelevant and not reliable.

Respectfully submitted,

s/ Drew Legando
Drew Legando (0082409)
Edward S. Jerse (0013155)
MERRIMAN LEGANDO WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@merrimanlegal.com
 edjerse@merrimanlegal.com

Charles Schaffer
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelpha, PA 19106
T. (877) 882-1011
E. cschaffer@lfsblaw.com

Charles LaDuca
Brendan S. Thompson
David L. Black
CUNEO GILBERT & LADUCA LLP

---

[30] *Id.* at 57-58.

[31] *Id.* at 53-54.

        4725 Wisconsin Ave., NW, Suite 200
        Washington, DC 20016
        T. (202) 789-3960
        E. brendant@cuneolaw.com
           dblack@cuneolaw.com

        Stuart L. Cochran
        STECKLER GRESHAM COCHRAN PLLC
        12720 Hillcrest Road, Suite 1045
        Dallas, Texas 75230
        T. (972) 387-4040
        E. stuart@stecklerlaw.com

        Michael McShane
        Ling Y. Kuang
        Kurt D. Kessler
        AUDET & PARTNERS
        711 Van Ness Ave., Suite 500
        San Francisco, CA 94102
        T. (715) 568-2555
        E. mmcshane@audetlaw.com
           lkuang@audetlaw.com
           kkessler@audetlaw.com

        *Plaintiff's Counsel*

## **CERTIFICATE OF SERVICE**

      This brief was filed on the Court's ECF System on July 21, 2021, through which it will be served on all counsel of record.

        s/ Drew Legando
        Drew Legando (0082409)