UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SARA HAWES, *individually, and on behalf of all others similarly situated*, | : : : | Case No. 1:17-cv-00754 |
| Plaintiff, | : : | Judge Timothy S. Black |
| vs. | : : | |
| MACY'S STORES WEST, INC., | : : | |
| Defendant. | : | |

**ORDER GRANTING NON-PARTY AQ TEXTILES' MOTION (Doc. 133) TO MAINTAIN FILES UNDER SEAL AND GRANTING THE PARTIES' JOINT MOTION TO VACATE THE TRIAL CALENDAR (Doc. 134)**

This civil action is before the Court on non-party AQ Textiles ("AQ")'s motion (Doc. 133) to maintain documents under seal. The Court previously allowed these documents to be filed under a temporary seal. (Doc. 129). Also before the Court is the parties' joint motion to vacate the trial calendar. (Doc. 134).

### I. BACKGROUND

This case is a putative class action about the labelling of thread-counts in bedsheets. The backbone of Plaintiff Sara Hawes's claims is that Defendants misrepresent—and specifically, inflate—the thread-counts in sheets to sell them to consumers. (*See* Amended Complaint, Doc. 64 at ¶1). Plaintiff claims these thread counts are misleading. (*Id.*). Defendant Macy's Stores West, Inc. ("Macy's") sells the sheets to consumers in retail stores. (*Id.* at ¶14). Former Defendant AQ supplies the relevant sheets to Macy's. (*Id.* at ¶17). Defendants deny Plaintiffs' allegations.

Plaintiff commenced this case in 2017, naming both AQ and Macy's as Defendants. Shortly thereafter, both Macy's and AQ moved for dismissal. (Docs. 16 and 17). The Court granted AQ's motion to dismiss for lack of personal jurisdiction (Doc. 38) and granted in part and denied in part Macy's motion (Doc. 39), leaving Macy's as the only remaining Defendant. Despite AQ's current status as a non-party, its sheets remain of central importance to this case. As such, documents that implicate AQ's business practices are part of the record. AQ moves here to maintain a small portion of those records placed under a provisional seal. (Doc. 133).

Separately, the parties have jointly moved to vacate the trial calendar. (Doc. 134).

## II. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.,* 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

There is a "stark" difference between, on the one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, the propriety of allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting the disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when

these materials are filed in the public record. *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

The Sixth Circuit has repeatedly explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Beauchamp*, 658 Fed. App'x at 207–08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–96 (6th Cir. 2016). According to the Sixth Circuit: "The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting that the parties "could not have waived the public's First Amendment and common law right of access to court filings") (citation omitted); *see also In re Knoxville*, 723 F.2d at 475 (noting that, in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. *See Shane Grp.*, 825 F.3d at 306.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests in support of access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III.  ANALYSIS

AQ seeks a seal for Exhibit 13 to the Deposition of Larry Queen. (Doc. 124-5 at 17-38). The Court finds a seal is justified because the exhibit contains sensitive information regarding the substance of AQ's purchase orders and results from a lab's thread-count test. Because such material, if disclosed, could benefit AQ's competitors, the information should not be made public. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017). Additionally, the docket contains plenty of other documents—the parties' dueling experts reports and

several more depositions, for example—that are probative of the same relevant matter: the parties' discrepancy in how to count threads.  The requested seal here is narrow.  The whole of the deposition is left unredacted.  AQ only seeks to protect its own purchase orders and some thread-count test results.

Finally, the Court notes that, having been dismissed, AQ is a non-party to this case.  The privacy concerns of third parties are yet another compelling justification for a seal. *S&S Holdco, Inc. v. S&S Holdco Holdings, LLC*, No. 1:19-CV-1071, 2020 WL 5760649, at *3 (S.D. Ohio Sept. 28, 20).  The Court grants the seal as requested by AQ.

The parties have also jointly moved to have the trial calendar vacated until the Court decides pending motions. (Doc. 134).  For good cause shown, the Court will also grant that motion and vacate the trial calendar.

### IV.  CONCLUSION

Based upon the foregoing:

1. AQ's motion to maintain documents under seal is **GRANTED**. (Doc. 133). Macy's, in coordination with AQ, may re-file the Deposition of Lawrence Queen (currently Doc. 124-5) with Exhibit 13 redacted.

2. The parties' joint motion to vacate the trial calendar is **GRANTED**. (Doc. 134). The Court hereby **VACATES** the current calendar (Doc. 106) and will contact the parties to set a new calendar, if necessary, after it decides the pending motions for class certification and summary judgment.

**IT IS SO ORDERED.**

Date:   12/9/2021                                                *s/Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge