# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| SARA HAWES, | |
| Plaintiff, | Civil Action: 1:17-CV-00754 |
| v. | Judge Douglas R. Cole |
| MACY'S WEST STORES, INC., | |
| Defendant. | |
| CHIARALUCE, *et al.*, | |
| Plaintiffs, | Civil Action: 2:20-CV-00081 |
| v. | Judge Douglas R. Cole |
| MACY'S INC., *et al.*, | |
| Defendants. | |

**CLASS ACTION SETTLEMENT AGREEMENT**

This Agreement is made between (1) Named Plaintiffs Sara Hawes, Cassandra Chiaraluce, and Jonathan Fontaine, on behalf of themselves and a proposed Settlement Class and (2) Defendants Macy's Inc., Macy's Retail Holdings, Inc. n/k/a Macy's Retail Holdings, LLC, Macy's West Stores, Inc. n/k/a Macy's Retail Holdings, LLC, and Macys.com, LLC. The purpose of this Agreement is to settle and compromise the Litigation and to release the Released Persons as set forth herein. The Agreement is contingent upon the Court's certification of the Settlement Class and approval of the Settlement under Rule 23 of the Federal Rules of Civil Procedure. (Capitalized terms in this Agreement have specific definitions as provided in Section 1.)

1. **DEFINITIONS.**

   1.1. "Agreement" or "Settlement" means this Class Action Settlement Agreement and includes all its exhibits.

1

1.2.    "Administrative Expenses" means the costs of administering the Settlement to be approved by the Court and paid to the Claims Administrator.

1.3.    "Claims Administrator" means, subject to Court approval, Angeion Group, unless another third party administrator is later agreed to by the parties in writing and approved by the Court.

1.4.    "Claimant" means a person who submits a claim under this Agreement by submitting a Claim Form to the Claims Administrator.

1.5.    "Claim Form" means the form required for a claim submission, in materially the same form attached as Exhibit 1.

1.6.    "Claims Program" means the claims administration procedure and process set forth in Section 11 of this Agreement.

1.7.    "Claims Period" means the period of time during which Settlement Class Members may submit claims, which will commence on the Effective Date and conclude one hundred and eighty (180) calendar days after the Effective Date (inclusive).

1.8.    "Consolidated Action" means the consolidated action that will be pending in the Court as a result of the consolidation of the Litigation to be requested jointly by the Parties for settlement purposes only.

1.9.    The "Court" means the United States District Court for the Southern District of Ohio.

1.10.    "CVC Sheets" means bed sheets and pillowcases imported by AQ Textiles, LLC using fabric comprised of a cotton and polyester blend.

1.11.    "Defendants" means Macy's, Inc., Macy's Retail Holdings, Inc. n/k/a Macy's Retail Holdings, LLC, Macy's West Stores, Inc. n/k/a Macy's Retail Holdings, LLC, and Macys.com, LLC.

1.12.    "Effective Date" means the later of: (i) the expiration date of the time for filing a notice of appeal from the Final Approval or (ii) if a notice of appeal is filed, but the Final Approval is affirmed or the appeal is dismissed, the date upon which the mandate of the Court of Appeals is issued.

1.13.    "Eligible Claim" means a claim submitted pursuant to the Agreement and Claims Program which the Claims Administrator determines qualifies for relief under this Agreement.

1.14.    "Eligible Claimant" means a Settlement Class Member with an Eligible Claim.

1.15.    "Exclusion Deadline" means the deadline for which the Settlement Class Member must request to be excluded from the Settlement Class as to the Released Claims, sixty (60) days after the Notice Date.

1.16.     "Fee and Expense Award" means any attorneys' fees and litigation costs awarded by the Court to Plaintiffs' or Class Counsel.

1.17.     "Final Approval Hearing" means the hearing required by Rule 23(e)(2) of the Federal Rules of Civil Procedure whereby the Court considers whether to grant or deny the final approval of the Settlement.

1.18.     "Final Approval Order" means the order to be entered by the Court following the Final Approval Hearing.

1.19.     "Household" means a single dwelling unit, no matter the number of natural persons residing therein.

1.20.     "Incentive Award" means any award sought by application to and approval by the Court that is payable to Plaintiffs to compensate them for efforts in bringing this Litigation and/or achieving the benefits of this Settlement on behalf of the Settlement Class, as further discussed in Section 6.

1.21.     "Litigation" means *Hawes v. Macy's West Stores, Inc.*, No. 1:17CV00754 in the United States District Court for the Southern District of Ohio and *Chiaraluce v. Macy's Inc. et al.*, No. 2:20CV00081 in the United States District Court for the Southern District of Ohio, both before and after any consolidation as proposed in this Agreement.

1.22.     "Macy's" means Macy's Inc., Macy's Retail Holdings, Inc. n/k/a Macy's Retail Holdings, LLC, Macy's West Stores, Inc. n/k/a Macy's Retail Holdings, LLC, and Macys.com, LLC, and all of their (regardless of tier) respective past, present, and future parents, subsidiaries, affiliates, and divisions, and each of the foregoing entities' respective predecessors, successors, officers, directors, managers, employees, trustees, fiduciaries, administrators, agents, representatives, principals, accountants, counsel, auditors, insurers, reinsurers, and assigns.

1.23.     "Named Plaintiffs" and "Class Representatives" mean Plaintiffs Sara Hawes, Cassandra Chiaraluce, and Jonathan Fontaine.

1.24.     "Notice" means a document, which includes both the Long Form Notice and Summary Notice, to be disseminated in accordance with the Preliminary Approval Order, informing Persons who fall within the Settlement Class definition of, among other things, the pendency of the Litigation, the material terms of the proposed Settlement and their options with respect thereto. Proposed Long Form Notice and Summary Notice are attached as Exhibits 4 and 5, respectively.

1.25.     "Notice Plan" means the method and procedure of providing notice to the Class, as set forth in Exhibit 3.

1.26.     "Notice Date" means no later than 45 days after the entry of the Preliminary Approval Order or thirty (30) days after April 24, 2023, whichever is later.

1.27.    "Objection Deadline" means the date by which Settlement Class Members must file objections, if any, to the Settlement, sixty (60) days after the Notice Date.

1.28.    "Opt-Out Form" means the form or letter substantially in the form agreed to by the Parties, by which Settlement Class Members may opt-out of the Settlement Class, a copy of which is attached as Exhibit 2 to this Agreement.

1.29.    "Parties" means the Named Plaintiffs and the Defendants, collectively.

1.30.    "Plaintiffs' Counsel" and "Class Counsel" mean attorneys, Stuart L. Cochran, Charles LaDuca, Drew T. Legando, Michael A. McShane, and Charles E. Schaffer.

1.31.    "Preliminary Approval Order" means an order providing for, among other things, preliminary approval of the Settlement and dissemination of the Notice to the Settlement Class according to the Notice Plan.

1.32.    "Released Claims" is defined in Section 13.1 of this Agreement.

1.33.    "Released Persons" is defined in Section 13.2 of this Agreement.

1.34.    "Releasing Parties" is defined in Section 13.3 of this Agreement.

1.35.    "Settlement," as used in this Agreement, refers generally to the Agreement and the process it creates.

1.36.    "Settlement Amount" means the Ten Million, Five Hundred Thousand Dollars ($10,500,000) that Defendants are obligated to collectively pay as a result of this Settlement.

1.37.    "Settlement Class" and "Settlement Class Members" mean all persons who purchased one or more CVC Sheets supplied by AQ Textiles, LLC from a Macy's store in the United States or Guam or on www.macys.com between November 8, 2013 and the date of filing of the Motion for Preliminary Approval. Excluded from the Settlement Class are:

> 1.37.1. All individuals and entities who timely opt-out of this Settlement under Federal Rule of Civil Procedure 23;
>
> 1.37.2. Defendants' employees, directors, and officers;
>
> 1.37.3. The Judge to whom this case is assigned and any member of the Judge's immediate family; and
>
> 1.37.4. Any member of the Court's staff.

1.38.    "Settlement Website" means an internet website created and maintained by the Claims Administrator. The URL of the Settlement Website shall be provided in the Notice Plan.

4

2.    **RECITALS.**

2.1.    Plaintiff Sara Hawes filed a putative class action on November 8, 2017 in the United States District Court for Southern District of Ohio as case No. 1:17-CV-754 (S.D. Ohio) and subsequently the complaint was amended three times. The Third Amended Complaint alleged *inter alia* that CVC Sheets she purchased from Macy's were falsely and deceptively labeled in that the thread count listed on the packaging was incorrect (higher than it actually was) and that as a result she paid more for the CVC Sheets than they were worth and she would have otherwise would have paid for the sheets. Plaintiff asserted claims on behalf of herself and a proposed California class of all purchasers that purchased bedding linen or bedding products from Defendants that were represented as having higher thread counts for violation of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. ("MMWA"), fraud, violation of the Consumer Legal Remedies Act, Civ. Code § 1750, et seq. ("CRLA"), violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. ("UCL") under the unlawful, unfair, and fraudulent prong, violation of False Advertising Law, Bus. & Prof. Code § 17500, et seq. ("FAL"), breach of express warranty, fraud, and unjust enrichment.[1]

2.2.    Plaintiffs Cassandra Chiaraluce and Jonathan Fontaine filed a putative class action on January 6, 2020 in the United States District Court for the Southern District of Ohio as case No. 2:20-CV-081 (S.D. Ohio) alleging that CVC Sheets they purchased from Macy's were falsely and deceptively labeled in that the thread count listed on the packaging was incorrect (higher than it actually was) and that as a result they each paid more for the CVC Sheets than they were worth and they would have otherwise would have paid for the sheets. Plaintiffs asserted claims on behalf of themselves and a proposed Massachusetts class and a proposed New Hampshire class of all purchasers that purchased bedding linen or bedding products I from Defendants that were represented as having higher thread counts for breach of express warranty, breach of implied warranty, violation of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. ("MMWA"), fraud, violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ann. ch. 93A, § 1, et seq., violation of the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A:1, et seq., and unjust enrichment.[2]

2.3.    The *Hawes* action, case No. 1:17-CV-754, was litigated vigorously with extensive briefing at all stages of the litigation including at motion to dismiss, summary judgment, class certification and attempted appeal of the class certification decision.  The Parties also conducting extensive written discovery and depositions, including expert discovery.  The *Chiaraluce* action, case No. 2:20-CV-081, was stayed before Defendants answered due to a motion to dismiss for lack of personal jurisdiction and a motion to take jurisdictional discovery.

2.4.    The Named Plaintiffs sought to recover damages and injunctive relief for themselves and for a class of purchasers of CVC Sheets from Macy's.

---

[1] Plaintiff Hawes also asserted a nationwide class in the alternative to the California state class.
[2] Plaintiffs Chiaraluce and Fontaine also asserted a nationwide class in the alternative to the Massachusetts and New Hampshire state classes.

2.5.     After a California class of purchasers of CVC sheets was certified and Defendant's motion for summary judgment was denied in part in the *Hawes* action, the Parties engaged in two separate all-day mediation sessions with the Honorable Diane Welsh, retired federal magistrate judge, as the mediator. The mediation sessions were conducted in a hybrid fashion with the mediator and representatives of all Parties in person while other representatives of the Parties participated remotely. The Parties also engaged in negotiations between the two mediation sessions, including by exchanging important information about the claims and defenses present in the Litigation. At the second mediation session with the Honorable Diane Welsh on September 30, 2022, the parties reached a settlement in principle in this matter. Thereafter, a term sheet was prepared and executed by the Parties and then the Parties continued to negotiate and finalize the details of the Settlement resulting in the Agreement.

2.6.     The Named Plaintiffs and Plaintiffs' counsel have evaluated the time and expense that would be necessary to prosecute these claims to final judgment, the likely delays before any judgment could be entered, and the risk and inherent uncertainty of predicting the outcome of any complex litigation such as this. Based on their evaluation, the Named Plaintiffs and Plaintiffs' counsel have concluded that further proceedings in the Litigation are likely to be protracted, complex, expensive, and could have an uncertain outcome.

2.7.     Without conceding any lack of merit of any of their claims, the Named Plaintiffs and Plaintiffs' counsel have concluded that it is in the best interests of the Settlement Class to settle the Litigation pursuant to the terms of this Agreement. They have concluded that this Agreement is fair, reasonable, and adequate to the Named Plaintiffs and the Settlement Class and that this Agreement and the prompt provision of effective relief to the Settlement Class are in the best interest of the Settlement Class Members.

2.8.     For their part, Defendants deny all allegations of fault, wrongdoing, or liability made in the Litigation. Defendants deny that the CVC Sheets they sold were mislabeled, defective, or misrepresented in any way.

2.9.     While denying any fault, wrongdoing, or liability, and without conceding any infirmity in their defenses, Defendants consider it desirable to enter into this Agreement in order to avoid further expense, to dispose of burdensome and protracted litigation, and to avoid the uncertain outcome of proceeding with the Litigation.

2.10.    Therefore, Defendants and the Named Plaintiffs, acting for themselves and on behalf of the Settlement Class, have reached this Agreement with the intent to conclude this Litigation on fair terms as included in this Agreement.

**3.     PROCEDURAL AND CLASS CERTIFICATION MATTERS.**

3.1.     For settlement purposes only, the Parties will request that the Litigation be consolidated into the Consolidated Action.

3.2.     For settlement purposes only, the Parties will request that the Court certify the Settlement Class in the Consolidated Action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3).

## 4.     INVESTIGATION BY PLAINTIFFS' COUNSEL.

4.1.     Plaintiffs' Counsel has conducted an extensive investigation of the facts and circumstances related to the allegations in the Litigation, both before the litigation and as part of the discovery process, including but not limited to hiring and consulting with experts, interviewing potential witnesses, reviewing documents produced by Defendants and by third parties, reviewing written discovery responses from Defendants, and conducting depositions

4.2.     Plaintiffs' Counsel believe the information and materials received were sufficient to enable them to make a reasonable evaluation of the strengths and weaknesses of the claims of the Settlement Class. Plaintiffs' Counsel have evaluated the time and expense that will be necessary to prosecute this case to final judgment, the delays that are likely before any judgment may be entered, the uncertainty inherent in predicting the outcome of any complex litigation such as this, and the risk of an adverse judgment for the Settlement Class and, based upon such evaluation, have concluded that further proceedings in the Litigation are likely to be further protracted, complex, and expensive, and that the outcome is uncertain.

## 5.     OBLIGATIONS OF MACY'S.

5.1.     Defendants will collectively pay the total sum of $10,500,000 to settle the Consolidated Action.  Defendants' total financial commitment and obligation under this Settlement Agreement shall not exceed $10,500,000.00.  For the avoidance of doubt, the Settlement Amount represents the limit and extent of Macy's monetary obligations under this Settlement.

5.2.     To the extent they are able to do so, Defendants will cooperate in good faith to provide the Claims Administrator with the name and address of persons who Defendants have determined purchased the CVC Sheets.  The Parties acknowledge that Macy's does not have complete information about the identity of the purchasers of the CVC Sheets.

5.3.     Defendants will require as injunctive relief that any CVC Sheets, as defined above, they purchase from AQ Textiles, LLC on or after September 1, 2023 will bear the following language on the packaging:

Thread count determined from a sample of a representative sheet by counting cotton yarns and by separating and counting adjacent parallel polyester yarns.

5.4.     The Fee and Expense Award, the Incentive Payments, the payments for Eligible Claims, the Notice and other Administrative Expenses will be paid out of the Settlement Amount.

5.5.     Defendant shall make payments toward the Settlement Amount in accordance with the following schedule:

5.5.1. Notice and Other Administrative Costs. Within fourteen (14) calendar days after the entry of the Preliminary Approval Order, Defendant shall pay a sum to be determined and sufficient to effectuate the Notice Plan to the Claims Administrator. Following entry of the Preliminary Approval Order, Defendant shall pay all subsequent amounts for Notice and Administration Costs (as incurred) within thirty (30) days of when such amounts are invoiced to Defendants along with wire instructions and other required documentation and become due and owing. Defendants are not required to advance costs for claims validation or other claims processing related costs until such time such costs are actually incurred. Except that any administrative costs incurred after the Effective Date will be paid by the Claims Administrator from the payment set forth in subsection 5.5.2. below.

5.5.2. Balance of the Settlement Amount. The balance of the Settlement Amount, after deduction of amounts paid pursuant to subsection 5.5.1. above, will be remitted to the Claims Administrator within ten (10) business days of the Effective Date of the Settlement. The Claims Administrator will then be responsible for paying any Fee and Expense Award, any Incentive Payments, the Eligible Claims, and any remaining Notice and other Administrative Expenses.

## 6. CONSIDERATION AND BENEFITS TO SETTLEMENT CLASS MEMBERS.

6.1. All members of the Settlement Class in one of the categories below who submit an Eligible Claim are eligible to receive monetary relief as set forth below. No payments will be made to any members of the Settlement Class who do not submit an Eligible Claim.

6.1.1. Members of the Settlement Class verified from Defendants' records as actual purchasers of CVC sheets will receive $7.50 per unit of CVC Sheets purchased unless reduced as described below.

6.1.2. Members of the Settlement Class who provide proof of purchase through a receipt will receive $7.50 per unit of CVC Sheets for which proof of purchase is provided unless reduced as described below.

6.1.3. Members of the Settlement Class who attest under penalty of perjury that they purchased a unit of CVC Sheets and who do not fall within paragraph 6.1.1. or 6.1.2. will receive $2.50 unless reduced as described below. That amount is capped at $2.50 per Household. These members are not eligible to participate in any second distribution.

6.2. If, after payment of the Fee and Expense Award, Incentive Payments, and Administrative Expenses, there are insufficient funds remaining from the Settlement Amount to pay all Eligible Claims in full, the payments in paragraphs 6.1.1., 6.1.2., and 6.1.3. will be reduced on a pro rata basis.

6.3.     If after payment of the Fee and Expense Award, Incentive Payments, and Administrative Expenses and after the payment of all Eligible Claims in accordance with paragraphs 6.1.1., 6.1.2., and 6.1.3., there are additional funds remaining from the Settlement Amount and it is economically feasible to make a second distribution, then Settlement Class Members who received payments under paragraphs 6.1.1. and 6.1.2. will receive a second distribution from the Settlement Amount.  The Parties will cooperate in good faith to determine whether it is economically feasible to make a second distribution. The second distribution amount will be determined by dividing the remaining funds from the Settlement Amount across the Settlement Class Members who received payments under paragraphs 6.1.1. and 6.1.2. on a weighted basis with the payments being weighted by the amount each Settlement Class Member paid for CVC Sheets for which they submitted an Eligible Claim.  In no event, however, will the second distribution amount cause any Settlement Class Member to receive more than 50% of the amount paid by that class member for CVC Sheets for which they submitted an Eligible Claim.

6.4.     If it is not economically feasible to make a second distribution, or if there are additional funds remaining after a second distribution, then the remaining funds will be donated to Public Interest Research Group, a charitable organization which has as its purpose the advancement of consumer protections and rights.

## 7.     THE PRELIMINARY APPROVAL ORDER.

7.1.     Plaintiffs will submit this Agreement to the Court along with their motion seeking approval of the Settlement and implementation of notice to the Settlement Class on or before March 24, 2023 unless the Parties agree to extend this deadline.

7.2.     The Parties will request that the Court enter the Preliminary Approval Order.

## 8.     NOTICE OF PROPOSED SETTLEMENT.

8.1.     The Parties agree that reasonable notice of this Agreement, consistent with law, including Rule 23 of the Federal Rules of Civil Procedure and the Due Process requirements of the United States Constitution, must be given to Settlement Class Members.

8.2.     The Parties have developed a notice plan as described in Exhibit 3 attached to this Agreement.

8.3.     The Parties have selected the Claims Administrator to provide notice of the settlement to the Settlement Class. The Claims Administrator and all costs of notice will be paid from the Settlement Amount as described above.

8.4.     Long-form notice by mail to Settlement Class Members. A long-form notice, a copy of which is attached as Exhibit 4 to this Agreement, will be mailed, first class postage prepaid, to each ascertainable Settlement Class Member identified by the Parties through reasonable efforts.

8.5.     The Claims Administrator will promptly log each long-form notice that is returned as undeliverable and make the log available to counsel for the Parties. The Claims Administrator will take reasonable steps to update undeliverable addresses, including the National Change of Address Database or other reasonable means, and send a second copy of the long-form notice. If any long-form notice is returned as undeliverable a second time, no further mailing is required.

8.6.     Prior to the Notice Date, the Claims Administrator will establish and maintain an ADA compliant website regarding this Settlement, the contents of which will be approved by counsel for the Parties. The address for the website will be included in published notices. The website will provide: (1) generalized information about the Agreement, its scope, its remedies with a clickable table of contents; answers to frequently asked questions; a Contact Information page that includes the address for the Claim Administrator and addresses and telephone numbers for Plaintiffs' Counsel; (2) deadlines for opting out of or objecting to the Agreement, and the dates of relevant Court proceedings, including the Final Approval Hearing; (3) a downloadable and online version of the form by which Settlement Class Members may exclude themselves from the Settlement Class; (4) information on making a claim and a downloadable and  online version of the Claim Form; and (5) relevant legal documents like this Agreement, the Amended Complaint, the signed order of Preliminary Approval, the Long Form Notice in both PDF format and HTML format, and (when it becomes available) Plaintiffs' application for Attorneys' Fees and Costs and/or an application for incentive awards. The website is to remain active for six (6) months after the Claims Period.

8.7.     Notice shall be provided as detailed in the Notice Plan. As part of the Notice Plan, the Claims Administrator will employ programmatic notice tools including, *inter alia*, advertising on websites and Internet ad platforms similar to Google and Facebook. The advertising will be targeted to reach Settlement Class Members. The advertising and paid search campaign will also direct viewers to the Settlement website. Search keyword advertising may also be used.

8.8.     A press release announcing the Settlement, which must be approved in advance by counsel for the Parties, will be released through PR Newswire.

8.9.     Prior to the Notice Date, the Claims Administrator will set up a call center. A toll-free number for the call center will be included in the published notices. The call center will: (1) receive requests for any materials described in this Section 8 or available on the Settlement website; (2) provide information on deadlines to opt-out, object, file a claim, and relevant Court proceedings; and (3) mail requested materials to Settlement Class Members to file claims with the Claims Administrator.

8.10.     At least seven (7) calendar days before the Final Approval Hearing, the Claims Administrator will file proof, by declaration, that it has implemented the notice plan described in Exhibit 3 as approved by the Court.

8.11.     The Claims Administrator will make periodic reports available to counsel for the Parties that show: calls and inquiries made to the call center; logs of mail received,

requested, and sent out; detailed activities on the Settlement website; and the response rates to all notice activities.

8.12.    The Claims Administrator, in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715(b), will send required materials to the appropriate federal and state officials designated in that Act within ten (10) calendar days after the Motion for Preliminary Approval is filed. The Claims Administrator will promptly certify to Defendants that it has completed this task.

8.13.    The Parties shall supervise the Claims Administrator in the performance of the notice functions set forth herein

## 9.    SETTLEMENT CLASS MEMBERS' RIGHT TO BE EXCLUDED AND TO OBJECT.

9.1.    A Settlement Class Member may seek exclusion from the Settlement Class ("opt-out") or may object to the Agreement.

9.2.    In seeking a Preliminary Approval Order of this Agreement, the Parties will request that the deadline for seeking exclusion and for objecting be set for sixty (60) calendar days after the Notice Date. The Court will set the exact deadline ("Exclusion or Objection Deadline").

9.3.    If any Settlement Class Member wishes to be excluded from this Settlement and Litigation, the Settlement Class Member may do so by completing the online exclusion form at the Settlement Website; downloading and submitting to the Claim Administrator a completed exclusion form attached as Exhibit 2; or submitting a valid request to exclude themselves, as described in the Notice, to the Claim Administrator. Requests to exclude must be postmarked or submitted online by the Exclusion Deadline or they shall not be valid. For exclusion requests that are submitted online, the Class Member shall have the opportunity to print a page immediately after submission showing the information entered and the date and time the request for exclusion was submitted. Settlement Class Members who elect to exclude themselves from this settlement and Litigation shall not be permitted to object to this settlement or to intervene. Settlement Class Members shall be encouraged, but not required, to provide their email addresses in their requests for exclusion.

9.4.    Any Settlement Class Member who has not timely submitted a completed Opt-Out Form will be bound by this Agreement and by all subsequent proceedings and orders. Any Settlement Class Member who elects to opt-out of this Agreement is not entitled to a remedy under this Agreement and is not affected by this Agreement.

9.5.    Any Settlement Class Member who submits a valid Opt-Out Form will not be permitted to object to the Agreement. However, Settlement Class Members who have elected to opt out of the Settlement Class may withdraw their opt out requests if they accept the benefits and terms of this Agreement.

9.6.    Plaintiffs' Counsel have the right to contact persons, or their attorneys if represented by counsel, who submit Opt-Out Forms and objections to the Agreement.

9.7.    A Settlement Class Member may object to this Agreement. To exercise this objection right, the Settlement Class Member must provide a written notice of objection to Plaintiffs' Counsel and Defendants' counsel by mail, express mail, or personal delivery. The Settlement Class member may also file the objection with the Court. Information on the objection procedure will be provided in the long-form notice and on the Settlement website. To be valid, an objection must: (1) bear the signature of the Settlement Class Member (even if represented by counsel); (2) contain the Settlement Class Member's current address, phone number, and e-mail address; (3) state the exact nature of the objection, including the grounds therefor and whether or not the Settlement Class Member intends to appear at the Final Approval Hearing; (4) documents or testimony sufficient to establish membership in the Settlement Class; (5) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no s prior objection has been made); (6) the identity of all counsel (if any) representing the objector who will appear at the final approval hearing and, if applicable, a list of all persons who will be called to testify in support of the objection; (7) copies of any papers, briefs, declarations, affidavits, or other documents upon which the objection is based; AND (8) meet the Exclusion or Objection Deadline set by the Court. If the Settlement Class Member is represented by counsel, the objection must also be signed by the attorney who represents the Settlement Class Member. Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection grounds that the objector lacks standing to make the objection. Failure to include any of the information or documentation set forth in this paragraph also shall be grounds for overruling an objection.

9.8.    If any objection is received by the Claim Administrator, the Claim Administrator shall promptly forward the objection and all supporting documentation to counsel for the Parties. Prior to the hearing on Final Approval and in accordance with the Courts' regular notice requirements, Plaintiffs' counsel shall file objections and supporting documentation with the Court. The failure of the Settlement Class Member to comply with the filing requirements of Section 9.7 shall be grounds for striking and/or overruling the objection even if the objection is submitted to the Claim Administrator.

9.9.    Objections sent by any Settlement Class Member to incorrect locations will not be valid.

9.10.    The proposed Preliminary Approval order and Long Form Notice will provide that any Settlement Class Members wishing to object or exclude themselves who fail to properly or timely file or serve any of the requested information and/or documents will be precluded from doing so.

9.11.    If any objection is received by the Claim Administrator, the Claim Administrator shall promptly forward the objection and all supporting documentation to counsel for the Parties. Prior to the hearing on Final Approval and in accordance with the Courts' regular notice requirements, Plaintiffs' counsel shall file objections and supporting documentation with the Court. The failure of the Settlement Class Member to comply with the filing

requirements of Section 9.7 shall be grounds for striking and/or overruling the objection, even if the objection is submitted to the Claim Administrator.

9.12.    Not later than ten (10) days after the Exclusion Deadline, the Claims Administrator shall provide to Class Counsel and Counsel for Defendants a complete list of the names of the persons who, pursuant to the Long Form Notice, have excluded themselves from the Settlement Class in a valid and timely manner with copies of the exclusion requests. Plaintiffs' Counsel shall inform the Court of the number of persons who have timely and validly excluded themselves prior to the hearing on Final Approval and in accordance with the Courts' regular notice requirements.

9.13.    If a Settlement Class Member submits both a Claim Form and an exclusion request, the Claim Form shall take precedence and be considered valid and binding, and the exclusion request shall be deemed to have been sent by mistake and rejected.

9.14.    A Settlement Class Member who objects to the settlement may also submit a Claim Form on or before the Claim Filing Deadline, which shall be processed in the same way as all other Claim Forms. A Settlement Class Member shall not be entitled to an extension to the Claim Filing Deadline merely because the Settlement Class Member has also submitted an objection.

## 10.    ATTORNEYS' FEES AND INCENTIVE PAYMENTS TO NAMED PLAINTIFFS.

10.1.    Plaintiffs' Counsel will make an application to the Court for an Attorneys' Fee and Expense Award. Defendants will not take any position with regard to the Fee and Expense Award. Any motion for attorneys' fees and costs and expenses must be filed at least thirty (30) days before the Objection Deadline.

10.2.    Plaintiffs' Counsel shall have the sole and absolute discretion to allocate the Fee and Expense Award amongst Plaintiff's Counsel and any other attorneys for Plaintiff.

10.3.    Plaintiffs may additionally apply to the Court for an Incentive Award as compensation for the time and effort undertaken in and risks of pursuing this Litigation, including the risk of liability for the Parties' costs of suit, and for agreeing to the general release set forth in Section 13. Defendants will not take any position with regard to the Incentive Payments. Any motion for Incentive Awards must be filed at least thirty (30) days before the Objection Deadline.

10.4.    The Fee and Expense Award and the Incentive Payments will be paid from the Settlement Amount; Defendants will have no liability to pay the Fee and Expense Award or the Incentive Payments beyond paying the Settlement Amount.

## 11.    CLAIMS PROGRAM PROCEDURES

11.1.    The Parties have selected the Claims Administrator to administer the Claims Program. The Claims Administrator and all costs of the Claims Program will be paid from the Settlement Amount.

11.2.     The Parties will oversee the Claims Administrator and the Claims Program.

11.3.     The Claims Program will commence in accordance with the terms and conditions of this Agreement no later than thirty (30) calendar days after the Effective Date. To the extent not set forth herein, the Claims Administrator will establish all policies and procedures involved in processing claims under the terms of this Agreement, with input from counsel for the Parties. The Claims Program shall run for the duration of the Claims Period, which will conclude one hundred and eighty (180) calendar days after the Effective Date (inclusive).

11.4.     The Claims Administrator will maintain a claim file of each claim submitted pursuant to this Agreement, including a record of compensation to be paid. The Claims Administrator will also provide counsel for the Parties with reports and information about each claim upon request.

11.5.     All claim submissions under the Agreement must be submitted by sending a completed Claims Form to the Claims Administrator electronically on line, via U.S. Mail, or via other delivery service.

11.6.     To be considered for payment, a claim must be received—either electronically, by U.S. Mail, or by other delivery service—by 6 p.m. Eastern time on the final day of the Claims Period. Any Claim Form received by this deadline will be reviewed and processed by the Claims Administrator so long as it contains the basic documentation and information set forth in the Claim Form.

11.7.     A Settlement Class Member must submit a completed and signed Claim Form and all supporting documentation and information listed on the Claim Form. The Claim Form is attached as Exhibit 1 to this Agreement.  Submission of a claim, regardless of whether it is determined to be a Valid Claim, shall confer no rights or obligations on any Party, any Settlement Class Member, or any other Person, except as expressly provided herein.

11.8.     At the election of the Settlement Class Member, Claim Forms may be submitted in paper via first class mail or online at the Settlement Website. Claim Forms must be postmarked or submitted online no later than the Claim Filing Deadline. Claim Forms postmarked or submitted online after that date will not be Valid Claims. The Claims Administrator may track Claim Forms with unique security identifiers or control numbers. For Claim Forms that are submitted online, the Class Member shall have the opportunity to upload Proof of Purchase image files (e.g. jpg, tif, pdf) prior to submitting the claim, and to print a page immediately after the Claim Form has been submitted showing the information entered, the names of image files uploaded, and the date and time the Claim Form was submitted.

11.9.     In submitting a claim, each Claimant must also declare under penalty of perjury on the Claim Form that the information submitted is true and correct.

11.10.    The Parties will be permitted to audit and review actual (or summary reports on) claims made, claims approved or denied, checks issued, calculation of benefits under the

Settlement, returned checks, and uncashed checks to assist with (1) the effectuation of the Settlement and (2) the Parties' respective desire to reasonably ensure that the benefits are administered in a manner to attempt to reach each Settlement Class Member. The cost of the audit and review will be borne by the requesting party.

11.11.    The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the Claimant is a Settlement Class Member and (2) the Settlement Class Member has provided all information needed to complete the Claim Form. The Claims Administrator's initial review will be limited to a determination of whether the claim is complete and plausible. For any claims that the Claims Administrator determines to be implausible, the Claims Administrator will deem those claims invalid.

11.12.    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Claims Administrator shall request additional information and give the Claimant twenty-one (21) calendar days to cure the defect before rejecting the claim. Requests for claim supplementation shall be made within thirty (30) calendar days of receipt of such Claim Form or thirty (30) calendar days from the last day of the Claims Period, whichever comes later. If the defect is not timely cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

11.13.    Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have ten (10) calendar days to accept or reject each claim. If, after review of the claim and all documentation submitted by the Claimant, the Claims Administrator determines that such a claim is facially valid, then the claim shall be paid. If the Claim Administrator determines that such a claim is not facially valid because the Claimant has not provided all information needed to complete the Claim Form and enable the Claim Administrator to evaluate the claim, then the Claims Administrator may reject the claim without any further action.

11.14.    Valid Claims shall be paid by check or an electronic deposit through prepaid MasterCard, PayPal, Venmo, or Zelle to the Settlement Class Member no later than thirty (30) days after the Claims Administrator has completed its claim determination for all Settlement Class Members' submitted claims.

11.15.    All settlement checks shall be void and no longer negotiable one hundred twenty (120) day after the date the check was issued. If a settlement check is not negotiated, the Settlement Class Member shall not be entitled to any further payment under this Agreement. If the check is returned as undeliverable, the Claim Administrator shall send an email to the claimant, if one was provided with the claim, to attempt to obtain a better address, and if obtained, shall mail the check to the new address. The return or failure to cash checks shall have no effect on a Settlement Class Member's release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect. Upon court approval, funds from uncashed checks shall be awarded cy pres to the organization listed in Section 6.4. or a replacement organization selected according to the terms of that subsection.

11.16.    No deductions for taxes will be taken from any Settlement Benefit at the time of distribution. Settlement Class Members are responsible for paying all taxes due on such Settlement Benefits. All Settlement Benefit payments shall be deemed to be paid solely in the year in which such payments are actually issued. Counsel and the Parties do not purport to provide legal advice on tax matters to each other or Settlement Class Members. To the extent this Agreement, or any of its exhibits or related materials, is interpreted to contain or constitute advice regarding any U.S. Federal or any state tax issue, such advice is not intended or written to be used, and cannot be used, by any Person or Business for the purpose of avoiding penalties under the Internal Revenue Code or any state's tax laws.

11.17.    All fees, costs, and expenses incurred by the Claim Administrator in administering claims and performing the other tasks set forth in this Agreement shall be paid from the Settlement Amount.

## 12.    FINAL JUDGMENT AND DISMISSAL.

12.1.    At least fourteen (14) calendar days before the Final Approval Hearing, the Parties will file a joint motion requesting that the Court grant final approval of this Agreement and enter a Final Approval Order and Final Judgment as described in Section 12.2.  In the joint motion the Parties will request that the Court grant final approval of this Agreement and find that this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves from the Settlement Class as provided below; ordering that the settlement relief be provided as set forth in this Agreement and giving effect to the releases as set forth herein; and entering Judgment in the Litigation.  The parties will also request that the Court find that the notice implemented by the Claims Administrator was the best practicable notice and met the requirements of Fed. R. Civ. P 23 and due process.

12.2.    The parties will submit to the Court along with the joint motion for final approval, the Final Approval Order requesting that the Court:

12.2.1. Find that the Agreement is fair, reasonable, and provides an adequate remedy for the members of the Settlement Class, and the Agreement comports with Fed. R. Civ. P. 23.

12.2.2. Find that the notice plan set forward in Exhibit 3 to this Agreement fairly and adequately informed Settlement Class Members of all material elements of this Litigation, and constituted the best practical notice to them in accordance with Fed. R. Civ. P. 23 and met due the requirements of due process.

12.2.3. Order that the Agreement be implemented.

12.2.4. Dismiss the Consolidated Action, including the Litigation, with prejudice.

12.2.5. Find that each Settlement Class Member is deemed to have given the Release described in Section 13.

12.2.6. Retain jurisdiction over performance and administration of the Agreement.

12.2.7. Order the injunctive relief described in Section 5.3.

12.2.8. Permanently bar and enjoin Settlement Class Members from asserting claims directly or indirectly against the Released Persons (as defined in this Agreement).

## 13. RELEASE.

13.1. "Released Claims" means the release and discharge of the Released Persons by the Settlement Class on behalf of themselves and their agents, heirs, executors, administrators, successors, attorneys, representatives, insurers, and assigns from any and all claims, liens, demands, actions, causes of action, rights, duties, obligations, damages, penalties, or liabilities of any nature whatsoever arising out of or relating to the purchase of the CVC Sheets, including related to the thread count of the CVC Sheets, whether legal or equitable or otherwise, known or unknown, whether arising under any international, federal, state, or local statute, ordinance, common law, regulation, principle of equity, or otherwise, including subrogation claims or damages that were, or could have been, asserted in the Litigation. The Releasing Parties expressly release all claims for penalties, equitable relief, incidental damages, consequential damages, punitive damages, exemplary damages, statutory damages, special damages, damages based upon a multiplication of compensatory damages, court costs, attorneys' fees or expenses, or other monetary amounts or relief of any kind.

13.2. "Released Persons" means (i) Macy's, as it is defined in Section 1.22 of this Agreement, and (ii) AQ Textiles, LLC, along with its officers, directors, members, agents, and employees.

13.3. "Releasing Parties" means all Settlement Class Members who do not properly seek exclusion from this Agreement under Section 11 of this Agreement.

13.4. The Settlement Class intends to compromise all claims and causes of action that were asserted, or that could have been asserted, in the Litigation arising out of or relating to the purchase of the CVC Sheets, including related to the thread count of the CVC Sheets.

13.5. Upon the Court's entry of the Final Approval Order, all Releasing Parties will be conclusively deemed to have released and forever discharged (as if by an instrument under seal, without further act by any person, and upon good and sufficient consideration) the Released Persons from the Released Claims.

13.6. This release includes all claims that the Settlement Class Members have or may hereafter discover related to the purchase of the CVC Sheets including related to the thread count of the CVC Sheets including, without limitation, claims, injuries, damages, or facts in addition to or different from those now known or believed to be true with respect to any matter disposed of by this Agreement. By this Agreement, the Settlement Class Members have fully, finally, and forever settled and released any and all such claims, injuries,

17

damages, or facts whether known or unknown, suspected or unsuspected, contingent or non-contingent, past or future, whether or not concealed or hidden, which exist, could exist in the future, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of different or additional facts. The Settlement Class Members will be deemed by the operation of the Final Approval Order to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which the releases herein are a part. The Settlement Class Members expressly and intentionally waive any and all rights and benefits which they now have or in the future may have related to matters arising from or in any way related to, connected with, or resulting from the claims asserted, or which could have been asserted, in the Litigation. This Agreement may be raised as a complete defense to, and will preclude any action or proceeding relating to, all claims, causes of action, and relief released herein.

13.7.    The Parties agree that the provisions of this Agreement and any claim thereunder constitute a good faith settlement under California Code of Civil Procedure §§ 877 and 877.6 and comparable laws in other states, that the Parties will cooperate fully in any effort of the Released Persons to establish such good faith settlement before any court (including, without limitation, by joining in any motion or other procedure and providing declarations and other evidence to establish such good faith settlement where requested by any Released Person), and that all payments made under this Agreement relate to claims arising out of or related to purchase of the CVC Sheets.

13.8.    If, notwithstanding the intention of the Parties expressed therein, any release given by the Releasing Parties is not given its full effect by operation of law, then the Releasing Parties will be deemed to have and do hereby transfer and assign to Released Persons all claims, causes of action, and relief, if any, that were deemed not released, to the extent necessary to effectuate the intent of this Section.

13.9.    Plaintiffs' Counsel must cooperate with the Released Persons to ensure that the releases set forth in this Section are given their full force and effect and that Releasing Parties comply with their obligations set forth in this Agreement.

13.10.    In the event that any Releasing Party seeks to invoke California Civil Code § 1542, which provides that "a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party" (or any other like provision of law) in connection with the CVC Sheets, the Releasing Parties now expressly waive the provision of California Civil Code § 1542 (and all other like provisions of law) to the full extent that these provisions may be applicable to this release. Each of the Releasing Parties assumes the risk that facts additional, different, or contrary to the facts, which each believes or understands to exist, may now exist or may be discovered after this Agreement becomes effective. Each of the Releasing Parties agrees that any such additional, different, or contrary facts will not limit, waive, or reduce the foregoing release.

18

14.    **EXCLUSIVE REMEDY; DISMISSAL; CONTINUING JURISDICTION OF COURT.**

14.1.    The exclusive remedy for all Settlement Class Members' claims that are released pursuant to this Agreement is the compensation specified in this Agreement.

14.2.    When the Court has entered its Final Approval Order for this Agreement, each Settlement Class Member who has not properly sought exclusion from the Agreement will be barred from initiating, asserting, or prosecuting any legal claim against Macy's where the subject matter of the claim is within the scope of this Agreement.

14.3.    Upon the entry of the Final Approval Order, the Consolidated Action and any other active or inactive cases that are part of the Litigation, will be dismissed with prejudice.

14.4.    The Court is the exclusive forum for any person or entity to seek to enforce this Agreement. The Court shall retain exclusive continuing jurisdiction to interpret and enforce the terms, conditions, and obligations of this Agreement and the Court's orders and judgments. In the event of a breach by Defendants or a Settlement Class Member under this Agreement, the Court may exercise all equitable powers over Defendants or such Settlement Class Member to enforce this Agreement and the Final Approval Order irrespective of the availability or adequacy of any remedy at law. Such powers include, among others, the power of specific performance, contempt, and injunctive relief.

15.    **OTHER TERMS AND CONDITIONS.**

15.1.    This Agreement and the obligations of the Parties under this Agreement are expressly conditioned upon the occurrence of the Effective Date.

15.2.    In the event that this Agreement does not become effective for any reason, this Agreement will become null and void and of no further force and effect. The Parties and Settlement Class Members will be restored without prejudice to their respective positions as if the Agreement and any application for its approval by the Court had not been made or submitted. Notwithstanding the foregoing, in the event that the Court should refuse to approve any material part of this Agreement, denies the Parties' request to consolidate for settlement purposes, or if, on appeal, an appellate court fails to affirm the Final Judgment entered pursuant to this Agreement, then the Parties may (but are not obligated to) agree in writing to amend this Agreement and proceed with the Agreement as so amended. This Agreement does not become null and void under this Section just because one of the following occurs: (1) the Court awards a lower incentive award to a Named Plaintiff than sought; (2) the Court awards less in attorneys' fees and litigation costs to Class Counsel than sought; or (3) an appellate court reverses or lowers any such incentive award or award of attorneys' fees and costs.

15.3.    If the number of opt-outs from the Settlement that are received from Settlement Class Members during the Opt-Out Period exceeds 10,000 ("the Opt-out Number"), Defendants, in their sole and absolute discretion, have the right to terminate this Settlement, by providing written notice to Plaintiffs' Counsel of their election to do so

19

within twenty (20) calendar days after the Exclusion or Objection Deadline. Defendants shall advise Plaintiffs' Counsel and the Court, in writing, of this election within ten (20) business days of receiving the final list of opt-outs. In such event, this Agreement may not be offered or received into evidence or utilized for any other purpose in the Litigation or in any other action, suit or proceeding.

15.4.    If prior to the Effective Date, any government entity commences any subsequent litigation or any administrative proceeding against Defendants related to the method used by AQ Textiles, LLC for counting of threads in Macy's CVC Sheets, Defendants may exercise their right to terminate this Agreement within twenty (20) calendar days after receiving notice of such litigation or objection.  In either such event, this Agreement may not be offered or received into evidence or utilized for any other purpose in the Litigation or in any other action, suit, or proceeding.

15.5.    The Parties agree and acknowledge that the fact that this Agreement has been reached does not constitute any admission of liability by Macy's or any other entity or person. The Parties agree and acknowledge that this Agreement and its exhibits, along with all related drafts, negotiations, and correspondence, constitute a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent state rules of evidence.

15.6.    Defendants represent and warrant that: (1) they have all requisite corporate power and authority to execute, deliver, and perform this Agreement and to consummate the transactions contemplated within; (2) the execution, delivery, and performance of this Agreement have been duly authorized by all necessary corporate action on their part; (3) their signatories to the Agreement have full authority to sign on behalf of and to bind Defendants to its terms; and (4) this Agreement has been duly and validly executed and delivered by Defendants and constitutes a legal, valid, and binding obligation.

15.7.    Counsel for the Named Plaintiffs represent that they have been fully authorized to execute this Agreement on behalf of their clients.

15.8.    The Named Plaintiffs represent and warrant that they are entering into the Agreement on behalf of themselves individually and as proposed representatives of the Settlement Class Members of their own free will and without the receipt of any consideration other than what is provided in the Agreement or disclosed to, and authorized by, the Court.  The Named Plaintiffs represent and warrant that they have reviewed the terms of the Agreement in consultation with Class Counsel and believe them to be fair and reasonable, and covenant that they will not file an Opt-Out request from the Settlement Class or object to the Agreement.

15.9.    Plaintiffs, Defendants, and their attorneys agree to cooperate fully in seeking Court approval of this Agreement and to use their best efforts to effect its consummation as provided for herein. They further agree to execute any further documents that are reasonably necessary to carry out this Agreement.

15.10.    This Agreement will be binding upon and inure to the benefit of the Parties to this Agreement and to all Settlement Class Members and their respective agents, heirs, executors, administrators, successors, or assigns.

15.11.    This Agreement is the entire agreement of the Parties with respect to the subject matter thereof. This Agreement is not subject to any condition not expressly provided for herein, and there are no collateral or oral agreements relating to the subject matter of the Agreement that are not referenced in this Agreement. In entering this Agreement, no Party is relying on any promise, inducement, or representation other than those set forth in the Agreement. Any modification to this Agreement must be in writing and signed by a duly authorized representative of Defendants and counsel for Named Plaintiffs.

15.12.    The exhibits attached to this Agreement are integral parts of the Agreement and are incorporated within.

15.13.    Applicability of waivers of rights. The waiver by any party to this Agreement of any breach of its terms should not be deemed or construed to be a waiver of any other breach of this Agreement, whether prior, subsequent, or contemporaneous.

15.14.    If one Party to this Agreement considers another Party to be in breach of its obligations under this Agreement, the non-breaching Party must provide the breaching Party with written notice of the breach and provide a reasonable opportunity for the breaching Party to cure the breach before taking any action to enforce any rights under this Agreement.

15.15.    All notices to the Parties required by this Agreement must be made in writing and communicated by regular and electronic mail to the following addresses (unless a Party subsequently designates one or more other or different designees):

If to Named Plaintiffs:

Michael McShane
AUDET & PARTNERS, LLP
711 Van Ness Avenue Suite 500
San Francisco, CA 94102
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
mmcshane@audetlaw.com

Charles Schaffer
LEVIN SEDRAN & BERMAN, LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (877) 882-1011
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com

Charles LaDuca
CUNEO GILBERT & LADUCA LLP
4725 Wisconsin Avenue, NW Suite 200
Washington, DC 20016
Telephone: (202)789-3960
Facsimile: (202) 789-1813
charles@cuneolaw.com

If to Defendants:

Elisa Garcia, Chief Legal Counsel
MACY'S, INC.
151 West 34th Street
New York, NY 10001
cc: legalcontracts@macys.com

with a copy, which shall not constitute notice, to:

Michael Christman
MACY'S LAW DEPARTMENT
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
cc: michael.christman@macys.com

15.16.    This Agreement may be executed in any number of counterparts, each of which will be deemed to be an original. All counterparts will constitute one Agreement, regardless of whether all Parties signed the same counterpart. The Agreement does not take effect until all Parties have executed at least one counterpart. Execution by electronic means is acceptable by agreement of the Parties.

15.17.    This Agreement will be governed by the laws of the State of Ohio, without regard to any of its conflict of laws principles.

15.18.    The drafting of this Agreement, including its exhibits, has been by mutual agreement after negotiation, with consideration and participation by all Parties and their counsel. Accordingly, the presumption that ambiguities are construed against the drafter does not apply.

15.19.    Any headings, subheadings, or titles in this Agreement are for convenience only and do not have any legal effect.

WHEREFORE, the undersigned have executed this Agreement:

**[Remainder of page intentionally left blank]**

22

**MACY'S INC.**

_(signature)_

Signature

BY: Matthew S. Schroeder, VP

Name and Title

Date: 3/24/23

**MACY'S RETAIL HOLDINGS, INC. n/k/a
MACY'S RETAIL HOLDINGS, LLC**

_(signature)_

Signature

BY: Matthew S. Schroeder, VP

Name and Title

Date: 3/24/23

**MACY'S WEST STORES, INC. n/k/a
MACY'S RETAIL HOLDINGS, LLC**

_(signature)_

Signature

BY: Matthew S. Schroeder, VP

Name and Title

Date: 3/24/23

**MACYS.COM, LLC**

_(signature)_

Signature

BY: Matthew S. Schroeder, VP

Name and Title

Date: 3/24/23

**APPROVED AS TO FORM AND CONTENT:**

**AUDET & PARTNERS, LLP**
**LEVIN SEDRAN & BERMAN, LLP**
**CUNEO GILBERT & LADUCA LLP**
**MERRIMAN LEGANDO**
**WILLIAMS & KLANG, LLC**

Attorneys for Plaintiffs and the
Putative Settlement Class

Michael McShane

Date: ___03/24/2023___

**BROOKS, PIERCE, McLENDON,**
**HUMPHREY & LEONARD, LLP**
Attorneys for Defendants

s/ Jennifer K. Van Zant by
s/ Michael McShane via e-mail authorization

Jennifer K. Van Zant
Andrew L. Rodenbough

Date:___3/24/2023___

**TAFT STETTINIUS & HOLLISTER LLP**
Attorneys for Defendants
s/ Beth A. Bryan by
s/ Michael McShane via e-mail authorization

Beth A. Bryan

Date:___3/24/2023___

# Exhibit 1
# to Settlement Agreement

<table>
<tr><td>

**Your claim form must be submitted online or postmarked by: [DEADLINE]**

</td><td>

**United States District Court**
**Southern District of Ohio**

*Hawes v. Macy's West Stores, Inc.*, No. 1:17-cv-00754
*Chiaraluce v. Macy's Inc. et al.*, No. 2:20-cv-00081

**Claim Form**

</td><td>

**MAC**

</td></tr>
</table>

### CLAIM FORM INSTRUCTIONS

1. You may submit your Claim Form online at www.cvcsheetsettlement.com or by U.S. Mail to the following address: *CVC Sheet Settlement*, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Please make sure to include the completed and signed Claim Form and all supporting materials in one envelope.

2. You must complete the entire Claim Form. Please type or write your responses legibly.

3. Please keep a copy of your Claim Form and any supporting materials you submit. Do not submit your only copy of the supporting documents. Materials submitted will not be returned. Copies of documentation submitted in support of your Claim should be clear and legible.

4. If your Claim Form is incomplete or missing information, the Claims Administrator may contact you for additional information. If you do not respond, the Claims Administrator will be unable to process your claim, and you will waive your right to receive money under the Settlement.

5. If you have any questions, please contact the Claims Administrator by email at [EMAIL ADDRESS] or by mail at the address listed above.

6. **You must notify the Claims Administrator if your address changes. If you do not, you may not receive your payment.**

7. **DEADLINE -- Your claim must be submitted online by [DEADLINE DATE]. Claim Forms submitted by mail must be mailed to the Claims Administrator postmarked no later than [DEADLINE DATE].**

1

<table>
<tr><td>

**Your claim form must be submitted online or postmarked by: [DEADLINE]**

</td><td>

**United States District Court**
**Southern District of Ohio**

*Hawes v. Macy's West Stores, Inc.*, No. 1:17-cv-00754
*Chiaraluce v. Macy's Inc. et al.*, No. 2:20-cv-00081

**Claim Form**

</td><td>

**MAC**

</td></tr>
</table>

## I. YOUR CONTACT INFORMATION AND MAILING ADDRESS

Provide your name and contact information below. You must notify the Claims Administrator if your contact information changes after you submit this form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

| | |
|---|---|
| **Phone Number** | **Email Address** |

## II. PURCHASE INFORMATION OR DOCUMENTATION

Please select **one** of the following three options below. Note: If you are a Settlement Class Member verified in the Defendants' records as actual purchasers of CVC Sheets, you are eligible to receive up to $7.50 per unit of CVC Sheets purchased.[1]

☐ **I am enclosing proof of purchase** that reasonably establishes the fact and date of the purchase of one or more units of CVC Sheets between November 8, 2013 and March 24, 2023. You are eligible to receive up to $7.50 per unit of CVC Sheets for which proof of purchase is provided.

Please provide the number of units of CVC Sheets for which you are providing proof of purchase:

☐ **I do not have proof of purchase.** By checking this box, you are attesting under penalty of perjury that you are a Settlement Class Member who purchased one or more units of CVC Sheets between November 8, 2013 and March 24, 2023. You are eligible to receive a capped award amount of up to $2.50. The $2.50 maximum award amount is per Household.

---

[1] The final amount per unit of CVC Sheets for all Claim Form submissions may be subject to a pro rata reduction if there are insufficient funds to pay all Eligible Claims in full.

2

<table>
<tr><td>

**Your claim form must be submitted online or postmarked by: [DEADLINE]**

</td><td>

**United States District Court**
**Southern District of Ohio**

*Hawes v. Macy's West Stores, Inc.*, No. 1:17-cv-00754
*Chiaraluce v. Macy's Inc. et al.*, No. 2:20-cv-00081

**Claim Form**

</td><td>

**MAC**

</td></tr>
</table>

☐ **I wish to use the Defendants' records of my purchase(s) of CVC Sheets**. Individuals who received Notice of the Settlement are verified Settlement Class Members for whom the Defendants have purchase information of CVC Sheets.

Please provide the Notice ID number that was provided on the Notice that was sent to you:

| |
|---|

---

## III. PAYMENT SELECTION

Please select **one** of the following payment options:

☐ **Prepaid Mastercard –** Enter the email address where you will receive the Prepaid Mastercard:

_____

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the email address or mobile number associated with your Zelle account:

_____

☐ **Physical Check -** Payment will be mailed to the address provided above.

---

## IV. VERIFICATION AND ATTESTATION UNDER PENALTY OF PERJURY

By signing below and submitting this Claim Form, I hereby swear under penalty of perjury that I am the person identified above and the information provided in this Claim Form, including supporting documentation, is true and correct, and that nobody has submitted another claim in connection with this Settlement on my behalf.

_____     Date: _____
Your signature                                              MM        DD        YYYY

_____
Your name

# EXHIBIT 2
# TO SETTLEMENT AGREEMENT

| | | |
|---|---|---|
| **Your exclusion must be submitted online or postmarked by: [DEADLINE]** | **United States District Court**<br>**Southern District of Ohio**<br><br>*Hawes v. Macy's West Stores, Inc.*, No. 1:17-cv-00754<br>*Chiaraluce v. Macy's Inc. et al.*, No. 2:20-cv-00081<br><br>**Exclusion Form** | **MAC-EX** |

## I. SETTLEMENT CLASS MEMBER INFORMATION

First Name        Last Name

Street Address

City        State        Zip Code

Phone Number        Email Address

## II. SIGNATURE

I am a Settlement Class Member in the United States and I purchased one or more CVC Sheets supplied by AQ Textiles, LLC between November 8, 2013 and March 24, 2023. I wish to be excluded from the Settlement in *Hawes v. Macy's West Stores, Inc.,* No. 1:17-cv-00754 and *Chiaraluce v. Macy's Inc. et al.,* No. 2:20-cv-00081. I understand that by submitting this form I am requesting exclusion from the Settlement, and I will not receive a payment from the Settlement.

Your signature        Date: _____

            MM      DD      YYYY

**This form must be submitted online or mailed to the Claims Administrator at the address below so it is postmarked by [Deadline Date].**

*CVC Sheet* Settlement
ATTN: Exclusion Request
PO Box 58220
Philadelphia, PA 19102

1

# EXHIBIT 3
# TO SETTLEMENT AGREEMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| SARA HAWES,<br>                    Plaintiff,<br>v.<br>MACY'S WEST STORES, INC.,<br>                    Defendant. | Civil Action: 1:17-CV-00754<br>Judge Douglas R. Cole |
| CHIARALUCE, *et al.*,<br><br>                    Plaintiffs,<br>v.<br><br>MACY'S INC., *et al.*,<br><br>                    Defendants. | Civil Action: 2:20-CV-00081<br><br>Judge Douglas R. Cole |

**DECLARATION OF STEVEN WEISBROT, ESQ. OF ANGEION GROUP LLC
RE: THE PROPOSED NOTICE PLAN**

I, Steven Weisbrot, Esq., declare under penalty of perjury as follows:

1.      I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, unbiased, legal notification plans.

2.      I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class

Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.

5.      I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.      Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

7.      My notice work comprises a wide range of class actions that include false advertising, antitrust, data breach, mass disasters, product defect, employment discrimination, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.      I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9.      By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to Settlement Class Members. The executive profiles as well as the company overview are available at https://www.angeiongroup.com/our_team.php.

10.     As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

11.     This declaration will describe the Notice Plan that, if approved by the Court, we will implement in this matter, including the considerations that informed the development of the plan and why it will provide due process to the Settlement Class.

## SUMMARY OF THE NOTICE PLAN

12.     The proposed Notice Plan provides individual direct notice to all reasonably identifiable Settlement Class Members via mail and email, combined with a robust media campaign strategically designed to provide notice to Settlement Class Members via a variety of methods, including state-of-the-art targeted internet notice, social media notice, and a paid search campaign. The Notice Plan also provides for a press release, publication notice, and the implementation of a dedicated Settlement Website and a toll-free telephone line where Settlement Class Members can learn more about their rights and options pursuant to the terms of the Settlement.

13.     As discussed in greater detail below, the consumer media campaign component of the Notice Plan is designed to deliver an approximate 75.19% reach with an average frequency of 3.38 times. This number is calculated using objective syndicated advertising data relied upon by most advertising agencies and brand advertisers. It is further verified by sophisticated media software and calculation engines that cross reference which media is being purchased with the media habits of our specific Target Audience (defined below).

14.     What this means in practice is that 75.19% of our Target Audience will see a digital advertisement concerning the Settlement an average of 3.38 times each. The 75.19% reach is independent from the direct mail and email notice efforts and further does not include the press release, publication notice, dedicated Settlement Website or toll-free telephone line.

15.     The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm." Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide

or Judges", at 27 (3d Ed. 2010).

## DIRECT NOTICE

16.     The Notice Plan includes direct notice via email and mail to the Settlement Class Member contact list provided to Angeion (the "Class List").

**Email Notice**

17.     As part of the Notice Plan, Angeion will send direct email notice to Settlement Class Members with valid email addresses identified on the Class List. Angeion designs the email notice to avoid many common "red flags" that might otherwise cause a Settlement Class Members' spam filter to block or identify the email notice as spam. For example, Angeion does not include attachments like the Long Form Notice to the email notice, because attachments are often interpreted by various Internet Service Providers ("ISP") as spam.

18.     Angeion also accounts for the real-world reality that some emails will inevitably fail to be delivered during the initial delivery attempt. Therefore, after the initial noticing campaign is complete, Angeion, after an approximate 24- to 72-hour rest period (which allows any temporary block at the ISP level to expire) causes a second round of email noticing to continue to any email addresses that were previously identified as soft bounces and not delivered. In our experience, this minimizes emails that may have erroneously failed to deliver due to sensitive servers and optimizes delivery.

19.     At the completion of the email campaign, Angeion will report to the Court concerning the rate of delivered emails accounting for any emails that are blocked at the ISP level. In short, the Court will possess a detailed, verified account of the success rate of the entire direct email notice campaign.

**Mailed Notice**

20.     As part of the Notice Plan, Angeion will send the Notice via first class U.S. mail, postage pre-paid to Settlement Class Members identified on the Class List.

21.     In administering the Notice Plan in this action, Angeion will employ best practices to increase the deliverability rate of the mailed Notices. Angeion will cause the mailing address

information for members of the Class to be updated utilizing the United States Postal Service's ("USPS") National Change of Address database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS.

22.     Notices returned to Angeion by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS and the class member database will be updated accordingly.

23.     Notices returned to Angeion by the USPS without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses.

24.     Notices will be re-mailed to Settlement Class Members for whom updated addresses were obtained via the skip tracing process.

## MEDIA CAMPAIGN

### Programmatic Display Advertising

25.     Angeion will utilize a form of internet advertising known as Programmatic Display Advertising, which is the leading method of buying digital advertisements in the United States to provide notice of the Settlement to Settlement Class Members.[1] The media notice outlined below is strategically designed to provide notice of the Settlement to Settlement Class Members by driving them to the dedicated Settlement Website where they can learn more about the Settlement, including their rights and options.

26.     To develop the media notice campaign and to verify its effectiveness, our media team

---

[1] Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences. It has been reported that U.S. advertisers spent nearly $105.99 billion on programmatic display advertising in 2021, and it was estimated that approximately $123.22 billion would be spent on programmatic display advertising in 2022. See https://www.emarketer.com/content/us-programmatic-digital-display-ad-spending-2022. In laypeople's terms, programmatic display advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the audience are most likely to visit (these websites are accessible on computers, mobile phones and tablets.

analyzed data from 2022 comScore Multi-Platform/MRI Simmons USA Fusion[2] to profile the Settlement Class and arrive at an appropriate Target Audience based on criteria pertinent to this Settlement. Specifically, the following syndicated research definition was used to profile potential Settlement Class Members: "Department, Clothing/Shoes & Specialty Stores Time Shopped in Last 3 Months: Any- Macy's" AND "Bedding and Bath Goods Bought: Sheets."

27.    Based on the Target Audience definition used, the size of the Target Audience is approximately 12,021,000 individuals in the United States. It is important to note that the Target Audience is distinct from the class definition, as is commonplace in class action notice plans. Utilizing an overinclusive proxy audience maximizes the efficacy of the Notice Plan and is considered a best practice among media planners and class action notice experts alike. Using proxy audiences is also commonplace in both class action litigation and advertising generally[3].

28.    Additionally, the Target Audience is based on objective syndicated data, which is routinely used by advertising agencies and experts to understand the demographics, shopping habits and attitudes of the consumers that they are seeking to reach[4]. Using this form of objective data will allow the Parties to report the reach and frequency to the Court with confidence that the reach

---

[2] GfK MediaMark Research and Intelligence LLC ("GfK MRI") provides demographic, brand preference and media-use habits, and captures in-depth information on consumer media choices, attitudes, and consumption of products and services in nearly 600 categories. comSCORE, Inc. ("comSCORE") is a leading cross-platform measurement and analytics company that precisely measures audiences, brands, and consumer behavior, capturing 1.9 trillion global interactions monthly. comSCORE's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reach more effectively. comSCORE operates in more than 75 countries, including the United States, serving over 3,200 clients worldwide.

[3] If the total population base (or number of class members) is unknown, it is accepted advertising and communication practice to use a proxy-media definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number. The percentage of the population reached by supporting media can then be established. Duke Law School, GUIDELINES AND BEST PRACTICES IMPLEMENTING 2018 AMENDMENTS TO RULE 23 CLASS ACTION SETTLEMENT PROVISIONS, at 56.

[4] The notice plan should include an analysis of the makeup of the class. The target audience should be defined and quantified. This can be established through using a known group of customers, or it can be based on a proxy-media definition. Both methods have been accepted by the courts and, more generally, by the advertising industry, to determine a population base. *Id.* at 56.

percentage and the number of exposure opportunities comply with due process and exceed the Federal Judicial Center's threshold as to reasonableness in notification programs. Virtually all professional advertising agencies and commercial media departments use objective syndicated data tools, like the ones described above, to quantify net reach. Sources like these guarantee that advertising placements can be measured against an objective basis and confirm that the reporting statistics are not overstated. Objective syndicated data tools are ubiquitous tools in a media planner's arsenal and are regularly accepted by courts in evaluating the efficacy of a media plan or its component parts. Understanding the socioeconomic characteristics, interests and practices of a target group aids in the proper selection of media to reach that target. Here, the Target Audience has been reported to have the following characteristics:

- 50.86% are between the ages 25 to 54, with a median age of 47.2 years old;
- 63.95% are female;
- 51.89% are now married;
- 36.99% have children;
- 38.40% have received a bachelor's or post-graduate degree;
- 49.14% are currently employed full time;
- The average household income is $96,470; and
- 87.46% have used social media in the last 30 days.

29. To identify the best vehicles to deliver messaging to the Target Audience, the media quintiles, which measure the degree to which an audience uses media relative to the general population, were reviewed. Here, the objective syndicated data shows that members of the Target Audience spend an average of approximately 29.1 hours per week on the internet.

30. Given the strength of digital advertising, as well as our Target Audience's consistent internet use, we recommend utilizing a robust internet advertising campaign to reach Settlement Class Members. This media schedule will allow us to deliver an effective reach level and frequency, which will provide due and proper notice to the Settlement Class.

31. Multiple targeting layers will be implemented into the programmatic campaign to help

7

ensure delivery to the most appropriate users, inclusive of the following tactics:

- Look-a-like Modeling: This technique utilizes data methods to build a look-a-like audience against known Settlement Class Members.

- Predictive Targeting: This technique allows technology to "predict" which users will be served by the advertisements about the Settlement.

- Audience Targeting: This technique utilizes technology and data to serve the impressions to the intended audience based on demographics, purchase behaviors and interests.

- Site Retargeting: This technique is a targeting method used to reach potential Settlement Class Members who have already visited the dedicated Settlement Website while they browsed other pages. This allows Angeion to provide a potential Settlement Class Member sufficient exposure to an advertisement about the Settlement.

- Geotargeting: The campaign will be targeted nationwide. If sufficient data is available, the campaign will leverage a weighted delivery based on the geographic spread of the Target Audience throughout the country.

32.     To combat the possibility of non-human viewership of the digital advertisements and to verify effective unique placements, Angeion employs Oracle's BlueKai, Adobe's Audience Manger and/or Lotame, which are demand management platforms ("DMP"). DMPs allow Angeion to learn more about the online audiences that are being reached. Further, online ad verification and security providers such as Comscore Content Activation, DoubleVerify, Grapeshot, Peer39 and Moat will be deployed to provide a higher quality of service to ad performance.

**Social Media**

33.     The Notice Plan also includes a social media campaign utilizing Facebook and Instagram, two of the leading social media platforms[5] in the United States. The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on these social

---

[5] In the United States in 2021, Facebook had approximately 302.28 million users; Instagram had approximately 118.9 million users; See:
https://www.statista.com/statistics/408971/number-of-us-facebook-users/
https://www.statista.com/statistics/293771/number-of-us-instagram-users/

media platforms.

34.     The social media campaign will engage with the Target Audience desktop sites, mobile sites, and mobile apps. Additionally, specific tactics will be implemented to further qualify and deliver impressions to the Target Audience. *Look-a-like modeling* allows the use of consumer characteristics to serve ads. Based on these characteristics, we can build different consumer profile segments to ensure the Notice Plan messaging is delivered to the proper audience. *Conquesting* allows ads to be served in relevant placements to further alert potential Settlement Class Members. The social media campaign will be targeted nationwide. If sufficient data is available, the campaign will leverage a weighted delivery based on the geographic spread of the Target Audience throughout the country.

35.     The social media campaign will coincide with the programmatic display advertising portion of the Notice Plan. Combined, the media notice efforts are designed to deliver approximately 30.5 million impressions. To track campaign success, we will implement conversion pixels throughout the Settlement Website to understand audience behavior better and identify those most likely to convert. The programmatic algorithm will change based on success and failure to generate conversions throughout the process in order to provide the most effective messaging.

36.     Further, Angeion continually monitors the media results and real-time adjustments are made throughout the campaign to ensure that the notice is being delivered to the desired audience. Angeion adjusts for which website types, times of day, banner ad locations, and banner ad sizes are most effective. As we continue to intake data and adjust for those variables, the program continues to be optimized for effective performance.

**Paid Search Campaign**

37.     The Notice Plan also includes a paid search campaign on Google to help drive Settlement Class Members who are actively searching for information about the Settlement to the dedicated Settlement Website. Paid search ads will complement the programmatic and social media campaigns, as search engines are frequently used to locate a specific website, rather than a person typing in the URL. Search terms would relate to not only the Settlement itself but also the subject

matter of the litigation. In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the Settlement, litigation or other terms related to the Settlement, that individual could be served with an advertisement directing them to the Settlement Website.

## PUBLICATION NOTICE

38.    To satisfy the requirements of the CLRA, Angeion will cause notice to be printed in the California regional edition of the *USA Today* for four (4) consecutive weeks. USA Today California Regional edition has a circulation of 13,121 (Mon. – Thurs.).

## PRESS RELEASE

39.    Angeion will also cause a press release to be distributed over PR Newswire (or a similar press release distribution service) to further diffuse news of the Settlement. The press release will help garner "earned media" (i.e., other media outlets and/or publications will report the story) separate and apart to supplement the notice efforts outlined herein which will lead to increased awareness and participation amongst members of the Settlement Class.

## SETTLEMENT WEBSITE & TOLL-FREE TELEPHONE SUPPORT

40.    The Notice Plan will also implement the creation of a case-specific Settlement Website, where Settlement Class Members can easily view general information about this Settlement, review relevant Court documents, and view important dates and deadlines pertinent to the Settlement. The Settlement Website will be designed to be user-friendly and make it easy for Settlement Class Members to find information about this case. The Settlement Website will also have a "Contact Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address. Likewise, Settlement Class Members will also be able to submit a claim form or exclusion request online via the Settlement Website and securely upload documentation.

41.    A toll-free hotline devoted to this case will be implemented to further apprise Settlement Class Members of their rights and options pursuant to the terms of the Settlement. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding

the Settlement. This hotline will be accessible 24 hours a day, 7 days a week.  Additionally, Settlement Class Members will be able to request a copy of the Long-Form Notice or Claim Form via the toll-free hotline.

**NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005**

42.     Within ten days of the filing of the Class Action Settlement Agreement and Release with this Court, notice will be disseminated to the appropriate state and federal officials pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. §1715.

**PLAIN LANGUAGE NOTICE DESIGN**

43.     The proposed Notice forms used in this matter are designed to be "noticed," reviewed, and by presenting the information in plain language, understood by members of the Settlement Class. The design of the notices follows the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. The notice forms contain plain-language summaries of key information about the rights and options of members of the Settlement Class pursuant to the Settlement. Consistent with normal practice, prior to being delivered and published, all notice documents will undergo a final edit for accuracy.

44.     Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language." Angeion Group maintains a strong commitment to adhering to this requirement, drawing on its experience and expertise to craft notices that effectively convey the necessary information to Settlement Class Members in plain language.

**DATA SECURITY & INSURANCE**

45.     Angeion recognizes that the security and privacy of client and class member information and data are paramount, which is why Angeion has developed policies and procedures to secure our physical and network environments and to ensure the protection of data. Our Network Security policies include Network Perimeter Security, Server Hardening, Anti-Virus, Data Retention, Incident Response and Disaster Recovery Procedures. A copy of all data is always kept offline. This ensures that should our systems go down for any reason, all data will remain accessible so that cases may be administered with limited interruption.

11

46.     Angeion has invested in a layered and robust set of trusted security personnel, controls, and technology to protect the data we handle. To promote a secure environment for client and class member data, industry leading firewalls and intrusion prevention systems protect and monitor our network perimeter with regular vulnerability scans and penetration tests. Angeion deploys best-in-class endpoint detection, response, and anti-virus solutions on our endpoints and servers. Angeion has implemented strong authentication mechanisms and multi-factor authentication is required to access Angeion's systems and the data we protect. In addition, Angeion has employed the use of behavior and signature-based analytics as well as monitoring tools across our entire network, which are managed 24 hours per day, 7 days per week, by a team of experienced professionals.

47.     Angeion's data center is defended by multi-layered, physical access security, including ID Badge entry, biometric device, and CCTV. We also deploy environmental controls including UPS, fire detection and suppression controls, and cooling systems. Our Cloud Infrastructure is bolstered by least privilege access control policies, multi factor authentication, security best practices and image hardening guidelines.

48.     Further, Angeion has a dedicated information security team comprised of highly trained, experienced, and qualified security professionals. Our teams stay on top of important security issues and retain important industry standard certifications, like SANS, CISSP, and CISA. Angeion is cognizant of the ever-evolving digital landscape and continually improves its security infrastructure and processes, including partnering with best-in-class security service providers. Angeion's robust policies and processes cover all aspects of information security to form part of an industry leading security and compliance program, which is regularly assessed by independent third parties.

49.     Our practices and systems are compliant with the California Consumer Privacy Act, as currently drafted and follow local, national, and international privacy regulations. Angeion is also committed to a culture of security mindfulness. All employees routinely undergo cybersecurity training to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work our teams complete.

50.    Angeion currently maintains a comprehensive insurance program, including sufficient Errors & Omissions coverage.

## REACH AND FREQUENCY

51.    This declaration describes the reach and frequency evidence which courts systemically rely upon in reviewing class action publication notice programs for adequacy. The reach percentage exceeds the guidelines as set forth in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide to effectuate a notice program which reaches a high degree of Settlement Class Members.

52.    Specifically, the comprehensive consumer-focused media campaign is designed to deliver an approximate 75.19% reach with an average frequency of 3.38 times each. It should be noted that the 75.19% reach approximation is separate and apart from the direct notice efforts, press release, publication notice, the Settlement Website, and toll-free telephone support.

## CONCLUSION

53.    The Notice Plan outlined herein provides for direct notice via email and mail to all reasonably identifiable Settlement Class Members, combined with a robust, multi-faceted media campaign, a press release and publication notice. The Notice Plan also includes the implementation of a dedicated Settlement Website and toll-free hotline to further inform Settlement Class Members of their rights and options in the Settlement.

54.    In my professional opinion, the Notice Plan described herein will provide full and proper notice to Settlement Class Members before the claims, opt-out, and objection deadlines. Moreover, it is my opinion that the Notice Plan is the best notice that is practicable under the circumstances and fully comports with due process, and Fed. R. Civ. P. 23. After the Notice Plan has been executed, Angeion will provide a final report verifying its effective implementation to this Court.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 24, 2023

STEVEN WEISBROT

# Exhibit A



# INNOVATION
## IT'S PART OF OUR DNA

class action | mass tort | legal noticing | litigation support



# Judicial Recognition

© Angeion Group, LLC

# JUDICIAL RECOGNITION



### IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION
**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021): Angeion undertook a comprehensive notice campaign...The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

### IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION
**Case No. 1:20-cv-04699**

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (October 1, 2021): The Court approves, as to form and content, the proposed Class Notices submitted to the Court. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Steven Weisbrot on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23, and due process.

### IN RE: GOOGLE PLUS PROFILE LITIGATION
**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021): The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members...

### IN RE: FACEBOOK INTERNET TRACKING LITIGATION
**Case No. 5:12-md-02314**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 31, 2022): The Court approves the Notice Plan, Notice of Proposed Class Action Settlement, Claim Form, and Opt-Out Form, which are attached to the Settlement Agreement as Exhibits B-E, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for a Fee and Expense Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

# JUDICIAL RECOGNITION



*CITY OF LONG BEACH v. MONSANTO COMPANY*

**Case No. 2:16-cv-03493**

The Honorable Fernando M. Olguin, United States District Court, Central District of California (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

*STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC*

**Case No. 3:20-cv-00903**

The Honorable John A. Gibney Jr., United States District Court, Eastern District of Virginia (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice...Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

*WILLIAMS v. APPLE INC.*

**Case No. 3:19-cv-0400**

The Honorable Laurel Beeler, United States District Court, Northern District of California (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

*CLEVELAND v. WHIRLPOOL CORPORATION*

**Case No. 0:20-cv-01906**

The Honorable Wilhelmina M. Wright, United States District Court, District of Minnesota (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances...The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

## *RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.*
**Case No. 5:19-cv-04596**

The Honorable Beth Labson Freeman, United States District Court, Northern District of California (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

## *CAMERON v. APPLE INC.*
**Case No. 4:19-cv-03074**

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

## *RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS*
**Case No. 2:18-cv-07241**

The Honorable Christina A. Snyder, United States District Court, Central District of California (November 12, 2021): The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website...The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)...

## *JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.*
**Case No. 2:15-cv-01219**

The Honorable Joanna Seybert, United States District Court, Eastern District of New York (November 8, 2021): Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish),

# JUDICIAL RECOGNITION



and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

### NELLIS v. VIVID SEATS, LLC
### Case No. 1:20-cv-02486

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation…(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

### PELLETIER v. ENDO INTERNATIONAL PLC
### Case No. 2:17-cv-05114

The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### BIEGEL v. BLUE DIAMOND GROWERS
### Case No. 7:20-cv-03032

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action…and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.



### *QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS*
### Case No. 37-2019-00017834-CU-NP-CTL

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021): The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

### *HOLVE v. MCCORMICK & COMPANY, INC.*
### Case No. 6:16-cv-06702

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021): The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action...(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### *CULBERTSON T AL. v. DELOITTE CONSULTING LLP*
### Case No. 1:20-cv-03962

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021): The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

### *PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC*
### Case No. 3:19-cv-00167

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021): Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

*IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)*
## Case No. 6:20-md-02977
The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021):  The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan…The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

*ROBERT ET AL. v. AT&T MOBILITY, LLC*
## Case No. 3:15-cv-03418
The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021):  The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action …(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

*PYGIN v. BOMBAS, LLC*
## Case No. 4:20-cv-04412
The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021):  The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

*WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.*
## Case No. 1:20-cv-23564
The Honorable Jonathan Goodman, United States District Court, Southern District of Florida (April 23, 2021):  The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices

substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

### *NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION*
### Case No. CV03-20-00831, CV03-20-03221
The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it...The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

### *IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION*
### Case No. 3:20-cv-00812
The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

### *IN RE: PEANUT FARMERS ANTITRUST LITIGATION*
### Case No. 2:19-cv-00463
The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

### *BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.*
### Case No. 2:19-cv-13554
The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

### *IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION*
### Case No. 2:19-mn-02886
The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020):  The proposed Notice provides the best notice practicable under the

circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

### ADKINS ET AL. v. FACEBOOK, INC.
### Case No. 3:18-cv-05982
The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020): Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

### IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION
### Case No. 8:16-md-02737
The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020): The Court finds and determines that mailing the Summary Notice and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

### MARINO ET AL. v. COACH INC.
### Case No. 1:16-cv-01122
The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020): The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

# JUDICIAL RECOGNITION



### BROWN v. DIRECTV, LLC
**Case No. 2:13-cv-01170**

The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020): Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

### IN RE: SSA BONDS ANTITRUST LITIGATION
**Case No. 1:16-cv-03711**

The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020): The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

### KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.
**Case No. 4:18-cv-00430**

The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020): The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

### HESTER ET AL. v. WALMART, INC.
**Case No. 5:18-cv-05225**

The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020): The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

### CLAY ET AL. v. CYTOSPORT INC.
**Case No. 3:15-cv-00165**

The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020): The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

# JUDICIAL RECOGNITION

*GROGAN v. AARON'S INC.*

## Case No. 1:18-cv-02821

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

*CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*

## Case No. D-202-CV-2001-00579

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

*SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*

## Case No. 4:16-cv-02200

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness

website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC
### Case No. 8:19-cv-00550

The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020): The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### CORCORAN, ET AL. v. CVS HEALTH, ET AL.
### Case No. 4:15-cv-03504

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019): Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

*PATORA v. TARTE, INC.*

**Case No. 7:18-cv-11760**

The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019): The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

*CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.*

**Case No. 2:16-cv-00633**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019): The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

*CORZINE v. MAYTAG CORPORATION, ET AL.*

**Case No. 5:15-cv-05764**

The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019): The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

*MEDNICK v. PRECOR, INC.*

**Case No. 1:14-cv-03624**

The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019): Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified

through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

### GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.
### Case No. 1:18-cv-20048

The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019): The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

### ANDREWS ET AL. v. THE GAP, INC., ET AL.
### Case No. CGC-18-567237

The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019): The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

### COLE, ET AL. v. NIBCO, INC.
### Case No. 3:13-cv-07871

The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019): The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this…, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

### DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.
### Case No. 1:14-cv-14744

The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019): The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the

requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
### Case No. 3:17-md-02777
The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019): Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice...practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

### *RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY*
### Case No. 1:15-cv-04519
The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019): The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

### *MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.*
### Case No. 7:16-cv-06981
The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018): In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr.

Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

### IN RE: OUTER BANKS POWER OUTAGE LITIGATION
**Case No. 4:17-cv-00141**

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

### GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.
**Case No. 7:13-cv-03073**

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

### HALVORSON v. TALENTBIN, INC.
**Case No. 3:15-cv-05166**

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement    Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation;

of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

*IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION*
MDL No. 2669/Case No. 4:15-md-02669

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017): The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

*TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.*
Case No. 1:15-cv-00912

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017): The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

# JUDICIAL RECOGNITION

*IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION*

**Case No. 1:14-md-02583**

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

*ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC*

**Case No. 384003V**

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite* [emphasis added].

*IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION*

**Case No. 2:08-cv-00051**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016):  This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

*FENLEY v. APPLIED CONSULTANTS, INC.*

**Case No. 2:15-cv-00259**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of ***the efforts of Angeion were highly successful and fulfilled all of those requirements*** [emphasis added].

*FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.*

**Case No. 1:15-cv-08372**

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016):  The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

*IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION*

**MDL No. 2001/Case No. 1:08-wp-65000**

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016):  The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

*SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.*

**Case No. 2:09-cv-08394**

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016):  The Court finds that the Notice provided to the Settlement Class pursuant to

the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

### FERRERA, ET AL. v. SNYDER'S-LANCE, INC.
### Case No. 0:13-cv-62496

The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016): The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

### IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION
### MDL No. 2328/Case No. 2:12-md-02328

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014): To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.
### Case No. 0:13-cv-61747

The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015): The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall

Case: 1:17-cv-00754-DRC Doc #: 143-2 Filed: 03/24/23 Page: 67 of 82 PAGEID #: 4166

constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

*OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.*
**Case No. 3:14-cv-00645**
The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

# EXHIBIT 4
# TO SETTLEMENT
# AGREEMENT

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## United States District Court, Southern District of Ohio
## Western Division (Cincinnati)

*Hawes v. Macy's West Stores, Inc.,* Case No. 1:17-cv-00754
*Chiaraluce v. Macy's Inc. et al.,* Case No. 2:20-cv-00081

**If you are a person who purchased one or more CVC Sheets supplied by AQ Textiles, LLC from a Macy's store in the United States or Guam or on www.macys.com between November 8, 2013 and March 24, 2023, you could get benefits from a class action settlement.**

*A federal court authorized this Notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

- A Settlement has been reached with Macy's Inc., Macy's Retail Holdings, Inc. n/k/a Macy's Retail Holdings, LLC, Macy's West Stores, Inc. n/k/a Macy's Retail Holdings, LLC, and Macys.com, LLC ("Macy's" or "Defendants") in a class action lawsuit about whether CVC (also known as "Chief Value Cotton) Sheets sold by Macy's were mislabeled, defective or misrepresented in any way.

- You are included in this Settlement as a Settlement Class Member if you purchased one or more CVC Sheets supplied by AQ Textiles, LLC from a Macy's store in the United States or Guam or on www.macys.com between November 8, 2013 and March 24, 2023.

- The lawsuits involved are *Hawes v. Macy's West Stores, Inc.,* Case No. 1:17-cv-00754 and *Chiaraluce v. Macy's Inc. et al.,* Case No. 2:20-cv-00081, both pending in the United States District Court for the Southern District of Ohio. The Defendants deny that they violated any law or made any misrepresentation but have agreed to the Settlement to avoid the costs and risks associated with continuing this case.

- Your rights are affected whether you act or don't act. Please read this Notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive a cash payment from this Settlement is by submitting a valid and timely Claim Form.<br><br>You can submit your Claim Form online at www.cvcsheetsettlement.com or download the Claim Form from the Settlement Website and mail it to the Claims Administrator. You may also call or email the Claims Administrator to receive a paper copy of the Claim Form.<br><br>For more information see **Question 10.** | **_____, 2023** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You can elect your own legal counsel at your own expense.<br><br>For more information see **Question 16.** | **_____, 2023** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for a payment.<br><br>For more information see **Question 17.** | **_____, 2023** |
| **DO NOTHING** | Unless you opt out of the settlement, you are automatically part of the Settlement. If you do nothing, you will not get a payment from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ............................................................................................................. 3

WHO IS IN THE SETTLEMENT ............................................................................................. 4

THE SETTLEMENT BENEFITS ............................................................................................. 5

HOW TO GET A PAYMENT—MAKING A CLAIM ........................................................... 6

THE LAWYERS REPRESENTING YOU ............................................................................. 7

 OPTING OUT OF THE SETTLEMENT ............................................................................. 7

COMMENTING ON OR OBJECTING TO THE SETTLEMENT .................................... 8

THE COURT'S FINAL APPROVAL HEARING .................................................................. 9

IF I DO NOTHING ...................................................................................................................... 9

GETTING MORE INFORMATION ........................................................................................ 9

# BASIC INFORMATION

## 1. Why was this Notice issued?

A federal court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The Honorable Douglas R. Cole of the United States District Court for the Southern District of Ohio is overseeing this class action. The lawsuits involved are *Hawes v. Macy's West Stores, Inc.,* Case No. 1:17-cv-00754 and *Chiaraluce v. Macy's Inc. et al.*, Case No. 2:20-cv-00081, pending consolidation. The people that filed this lawsuit are called the "Plaintiffs" and the companies they sued, Macy's Inc., Macy's Retail Holdings, Inc. n/k/a Macy's Retail Holdings, LLC, Macy's West Stores, Inc. n/k/a Macy's Retail Holdings, LLC, and Macys.com, LLC (collectively "Macy's") are called the "Defendants."

## 2. What is this lawsuit about?

This lawsuit alleges that the CVC Sheets sold by Macy's were falsely and deceptively labeled in that the thread count listed on the packaging was incorrect (higher than it actually was) and that as a result the Plaintiffs each paid more for the CVC Sheets than they were worth and what they would have otherwise paid for the sheets. The Defendants deny all allegations of fault, wrongdoing, or liability made in the Litigation, and deny that the CVC Sheets they sold were mislabeled, defective, or misrepresented in any way.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "Class Representatives" or "Named Plaintiffs." Together, the people included in the class action are called a "class" or "class members." One court resolves the lawsuit for all class members, except for those who opt out from a settlement. In this Settlement, the Named Plaintiffs Sara Hawes, Cassandra Chiaraluce, and Jonathan Fontaine.

## 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or the Defendants. The Defendants deny all claims and deny that they violated any law. Plaintiffs and Defendants agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Settlement Class Members to receive payments from the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

## 5. Who is in the Settlement?

The Settlement Class includes all persons who purchased one or more CVC Sheets supplied by AQ Textiles, LLC from a Macy's store in the United States or Guam or on www.macys.com between November 8, 2013 and March 24, 2023, inclusive.

## 6. Are there exceptions to being included?

Yes. The Settlement Class does not include: (i) All individuals and entities who timely opt-out of this Settlement under Federal Rule of Civil Procedure 23; (ii) Defendants' employees, directors, and officers; (iii) The Judge to whom this case is assigned and any member of the Judge's immediate family; and (iv) Any member of the Court's staff.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing or writing to Claims Administrator at:

[email address]
CVC Sheets Claims Administrator, 1650 Arch St, Ste 2210, Philadelphia, PA 19103

You may also view the Class Action Settlement Agreement at www.cvcsheetsettlement.com.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

If the Settlement is approved by the Court, Defendants will pay ten million, five hundred thousand dollars ($10,500,000) into a Settlement Fund.  After payment of Attorneys' Fees and Costs, Incentive Payments for the Named Plaintiffs, and Administrative Expenses, the funds remaining from the Settlement Amount to pay all Eligible Claims.

### 8. How much will my payment be?

All members of the Settlement Class in one of the categories below who submit an Eligible Claim are eligible to receive monetary relief as set forth below.  No payments will be made to any members of the Settlement Class who do not submit an Eligible Claim.

- Members of the Settlement Class verified from Defendants' records as actual purchasers of CVC sheets will receive $7.50 per unit of CVC Sheets purchased unless reduced as described below.

- Members of the Settlement Class who provide proof of purchase through a receipt will receive $7.50 per unit of CVC Sheets for which proof of purchase is provided unless reduced as described below.

- Members of the Settlement Class who attest under penalty of perjury that they purchased a unit of CVC Sheets and who do not fall within paragraph 6.1.1. or 6.1.2. will receive $2.50 unless reduced as described below.  That amount is capped at $2.50 per Household. These members are not eligible to participate in any second distribution.

If, after payment of Attorneys' Fees and Costs, Incentive Payments, and Administrative Expenses, there are insufficient funds remaining from the Settlement Amount to pay all Eligible Claims in full, the payments will be reduced on a pro rata basis.

### 9. What claims am I releasing if I stay in the Settlement Class?

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants with respect to any of the legal claims released and resolved in this Settlement. The "Release" section in the Class Action Settlement Agreement describes the legal claims that you give up ("Released Claims") if you remain in the Settlement Class. The Class Action Settlement Agreement can be found at www.cvcsheetsettlement.com.

## HOW TO GET A PAYMENT – MAKING A CLAIM

### 10. How do I submit a claim and get a cash payment?

You may file a claim if you are a person who purchased one or more CVC Sheets supplied by AQ Textiles, LLC from a Macy's store in the United States or Guam or on www.macys.com in the United States who purchased from Macy's one or more CVC Sheets supplied by AQ Textiles, LLC between November 8, 2013 and March 24, 2023.

Claim Forms may be submitted online at www.cvcsheetssettlement.com or printed from the website and mailed to the Claims Administrator at: *CVC Sheets* Claims Administrator, 1650 Arch St, Ste 2210, Philadelphia, PA 19103.

You may also contact the Settlement Administrator to request a Claim Form by telephone 1-XXX-XXX-XXXX, by email [Email Address], or by U.S. mail at CVC Sheets Claims Administrator, 1650 Arch St, Ste 2210, Philadelphia, PA 19103.

### 11. What is the deadline for submitting a claim?

If you submit a claim by U.S. mail, the completed and signed Claim Form must be postmarked by **[Deadline Date]**. If submitting a Claim Form online, you must do so by **6:00 p.m. ET on [Deadline Date]**.

### 12. When will I get my payment?

The Court has scheduled a Final Approval Hearing for the Settlement of this case on _____ at _____ a.m./p.m. ET to consider: (1) whether to approve the Settlement; (2) any objections; (3) the requests for Incentive Payments to the Named Plaintiffs; and (4) the request for an award of attorneys' fees and costs to Plaintiffs' Counsel for their work in this litigation. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed as soon as possible if the Court grants Final Approval of the Settlement and after any appeals are resolved.

The briefs and declarations in support of the Final Approval of the Settlement and the requests described above will be posted on the Settlement Website, www.cvcsheetssettlement.com, after they are filed. You may ask to appear at the hearing but you do not have to appear. The date and time of the Final Approval Hearing is also subject to modification by the Court. Please review the Settlement Website for any updated information regarding the final hearing.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in the case?

Yes. The Court has appointed Stuart L. Cochran of Cochran Law PLLC, Charles LaDuca of Cuneo Gilbert & LaDuca LLP, Drew T. Legando of Merriman Legando Williams & Klang, LLC, Michael A. McShane of Audet & Partners LLP, and Charles E. Schaffer of Levin Sedran & Berman to represent the Settlement Class as Class Counsel ("Plaintiffs' Counsel"). You will not be charged for their services.

### 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Plaintiffs' Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will the lawyers be paid?

Plaintiffs' Counsel will ask the Court for an award of attorneys' fees not to exceed  33 and 1/3 % of the Settlement Fund, as well as reasonable expenses incurred in the litigation. They will also ask the Court to approve Incentive Payments Award for each of the Named Plaintiffs not to exceed $3500 each. The Court may award less than these amounts. If approved, these fees, costs and awards will be paid from the Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 16. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue the Defendants about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class. The deadline for requesting exclusion from the Settlement is **[Deadline Date]**.

To exclude yourself from the Settlement, you must submit a completed and signed Opt-Out Form online at www.cvcsheetsettlement.com or by U.S. mail at the below address. Alternatively, you can submit a written request for exclusion that includes the following information: (i) the lawsuits in the litigation, *Hawes v. Macy's West Stores, Inc.,* Case No. 1:17-cv-00754 (S.D. Ohio) and *Chiaraluce v. Macy's Inc. et al.*, Case No. 2:20-cv-00081 (S.D. Ohio); (ii) your name and current address; (iii) your personal signature; and (iv) a statement clearly indicating your intent to be excluded from the Settlement (the request can only be made for you, not on another person's  behalf);

Your request for exclusion must be submitted online at www.cvcsheetsettlement.com, after which you must verify the opt-out at the email address you provide, or via U.S. mail at the address below:

CVC Sheet Settlement
ATTN: Exclusion Request
PO Box 58220
Philadelphia, PA 19102

If you exclude yourself, you are stating to the Court that you do not want to be part of the Settlement. You will not be eligible to receive a payment if you exclude yourself. You may only exclude yourself – not any other person.

If submitted electronically, the Opt-Out Form or any written request to opt-out must be submitted and verified no later than XX:XX p.m. ET on or before **[Deadline Date]**.

If submitted by U.S. mail, the Opt-Out Form or any written request to opt-out must be postmarked no later than **[Deadline Date]**.

## COMMENTING ON OR OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court if I like or do not like the Settlement?

If you are a Settlement Class Member, you can choose (but are not required) to object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

Your objection must: (1) bear the signature of the Settlement Class Member (even if represented by counsel); (2) contain the Settlement Class Member's current address, phone number, and e-mail address; (3) state the exact nature of the objection, including the grounds therefor and whether or not the Settlement Class Member intends to appear at the Final Approval Hearing; (4) documents or testimony sufficient to establish membership in the Settlement Class; (5) a detailed list of any other objections submitted by the  Settlement Class Member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no s prior objection has been made); (6) the identity of all counsel (if any) representing the objector who will appear at the final approval hearing and, if applicable, a list of all persons who will be called to testify in support of the objection; (7) copies of any papers, briefs, declarations, affidavits, or other documents upon which the objection is based; AND (8) meet the Exclusion or Objection Deadline set by the Court. If the Settlement Class Member is represented by counsel, the objection must also be signed by the attorney who represents the Settlement Class Member.

Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection grounds that the objector lacks standing to make the objection. Failure to include any of the information or documentation set forth above also shall be grounds for overruling an objection.

Settlement Class Members must submit to Plaintiffs' Counsel, and Defendants' counsel by mail, express mail, or personal delivery, a written notice of objection.

**Plaintiffs' Counsel**

Charles E Schaffer
LEVIN SEDRAN & BERMAN
510 Walnut Street
Ste 500
Philadelphia, PA 19106
215-592-1500

Michael McShane
AUDET & PARTNERS, LLP
711 Van Ness
Ste 500
San Francisco, CA 94102
415-568-2555

**Defendants' Counsel**

Jennifer K. Van Zant
BROOKS, PIERCE, MCLENDON, HUMPHREY &
LEONARD, LLP
P.O. Box 26000
230 N. Elm St. Ste 2000
Greensboro, NC 27420
336-373-8850

You or your attorney may speak at the Final Approval Hearing about your objection. To do so, you must include a statement in your objection indicating that you or your attorney intend to appear at the Final Approval Hearing, as well as a description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing and copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

## 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 19. When is the Court's Final Approval Hearing?

The Court has scheduled a Final Approval Hearing _____ at _____ a.m./p.m. ET. The hearing will be located at

Potter Stewart U.S. Courthouse, [COURTROOM]
100 East Fifth Street
Cincinnati, Ohio
(513) 564-7620

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve Plaintiff's Counsel's request for an award of attorneys' fees and expenses, as well as the Named Plaintiffs' Incentive Payments. If there are objections, the Court will consider them. Judge Cole will listen to people who have asked to speak at the hearing (see **Question 17** above). After the hearing, the Court will decide whether to approve the Settlement.

The date or time of the Final Approval Hearing may change. Please check the Settlement Website, www.cvcsheetssettlement.com, for any updates.

## 20. Do I have to come to the Final Approval Hearing?

No. Plaintiffs' Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you file an objection, you do not have to come to the Final Approval Hearing to talk about it. If you file your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but such attendance is not necessary for the Court to consider an objection that was filed on time.

## IF I DO NOTHING

## 21. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will give up the rights explained in **Question 9**, including your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendants and the Released Parties about the legal issues resolved by this Settlement. In addition, you will not receive a payment from this Settlement.

## GETTING MORE INFORMATION

## 22. How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Class Action Settlement Agreement. The Class Action Settlement Agreement and other related documents are available at the Settlement Website, www.cvcsheetssettlement.com.

If you have additional questions, you may contact the Claims Administrator by email, phone, or mail:

Email: [Email Address]

Toll-Free: 1-XXX-XXX-XXXX

Mail: CVC Sheets Claims Administrator, 1650 Arch St, Ste 2210, Philadelphia, PA 19103

Publicly filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Southern District of Ohio or reviewing the Court's online docket.

***Please do not contact the Court, its Clerks, or the Defendants to inquire about the Settlement or the Claims Process.***

# EXHIBIT 5
# TO SETTLEMENT AGREEMENT

**If you are a person who purchased one or more CVC Sheets supplied by AQ Textiles, LLC from a Macy's store in the United States or Guam or on www.macys.com between November 8, 2013 and March 24, 2023, you could get benefits from a class action settlement.**

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

Settlement has been reached with Macy's Inc., Macy's Retail Holdings, Inc. n/k/a Macy's Retail Holdings, LLC, Macy's West Stores, Inc. n/k/a Macy's Retail Holdings, LLC, and Macys.com, LLC ("Macy's" or "Defendants") in a class action lawsuit about whether CVC (also known as Chief Value Cotton) Sheets sold by Macy's were labeled with inaccurate thread counts.

**What does the Settlement provide?**
The Defendants have agreed to pay ten million, five hundred thousand dollars ($10,500,000) into a Settlement Fund.  After payment of Attorneys' Fees and Costs, Incentive Payments, and Administrative Expenses, the funds remaining from the Settlement Amount will be used to pay all Eligible Claims.

**Who is included in the Settlement Class?**
All Persons who purchased one or more CVC Sheets supplied by AQ Textiles, LLC from a Macy's store in the United States or Guam or on www.macys.com between November 8, 2013 and March 24, 2023.

**How do I get a payment from the Settlement?**
To qualify for a settlement payment, you must complete and submit a Claim Form by **DEADLINE DATE**.  You may complete and submit a Claim Form online at www.cvcsheetsettlement.com or mail a completed Claim Form to CVC Sheets Claims Administrator, 1650 Arch St, Ste 2210, Philadelphia, PA 19103.  Claim Forms are also available by calling 1-**XXX-XXX-XXXX**, or by emailing **[Email Address]**.

**What are my options?**
If you are a Settlement Class Member and do nothing, you will be bound by the Settlement and will give up any right to separately sue any of the Released Parties, including the Defendants, for the claims made in this lawsuit and released by the Class Action Settlement Agreement. If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **DEADLINE DATE**. Unless you exclude yourself, you won't be able to sue or continue to sue the Defendants for any claim made in this lawsuit or released by the Settlement. If you stay in the Settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your lawyer to appear and speak at the Final Approval Hearing – at your own cost – but you don't have to. Objections and requests to appear are due by **DEADLINE DATE**. More information about these options is available at www.cvcsheetsettlement.com.

**The Court's hearing.**
The Court will hold a Final Approval Hearing at **XX:XX a.m./p.m. on DATE,** at the United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  It

will also consider whether to approve Plaintiffs' Counsel's request for an award of Attorneys' Fees and Costs, as well as Incentive Payments to the Named Plaintiffs. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak at the hearing. You or your own lawyer may appear and speak at the hearing at your own expense, but there is no requirement that you or your own lawyer do so. After the hearing, the Court will decide whether to approve the Settlement.

**This notice is only a summary.**
**For more information, including the full Notice and Class Action Settlement Agreement,**
**visit www.cvcsheetsettlement.com, email [Email Address], or call 1-XXX-XXX-XXXX.**