UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SARA HAWES, et al.,

    Plaintiffs,

  v.

MACY'S, INC., et al.,

    Defendants.

Case No. 1:17-cv-754
JUDGE DOUGLAS R. COLE

_____

CASSANDRA CHIARALUCE, et al.,

    Plaintiffs,

  v.

MACY'S, INC., et al.,

    Defendants.

Case No. 2:20-cv-81
JUDGE DOUGLAS R. COLE

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

The parties in the above-captioned action, Plaintiffs Sara Hawes, Cassandra Chiaraluce, and Jonathan Fontaine on the one hand, and Defendants Macy's Inc., Macy's Retail Holdings, Inc. n/k/a Macy's Retail Holdings, LLC, Macy's West Stores, Inc. n/k/a Macy's Retail Holdings, LLC, and Macys.com, LLC, have reached a settlement that is set forth in the Stipulation of Settlement filed with this Court.

Pending before the Court is the Plaintiffs' Motion for Preliminary Approval. Having carefully reviewed the Settlement Agreement, including the exhibits attached thereto, the concurrently filed pleadings and supporting documents, and all papers,

1

pleadings, records, and prior proceedings to date in this action, and good cause appearing, the Court hereby **GRANTS** preliminary approval and **ORDERS** as follows:

1.  As an initial matter, for purposes of this Preliminary Approval Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in the Stipulation of Settlement.

2.  The Agreement set forth in the parties' Settlement is within the range of reasonableness and possible final approval in that it appears fair, reasonable, and adequate. The parties' Agreement was reached as a result of extensive arm's length negotiations between the parties and their counsel, taking into consideration the relative strength and weaknesses of their case. *See* Joint Declaration Exhibit 1 ("Settlement Agreement" or "Stipulation of Settlement").

3.  The two matters listed above are consolidated for purposes of administering the Settlement Agreement. All filings should be made in the *Hawes v. Macy's West Stores, Inc.*, No. 1:17CV00754 matter.

4.  Via order dated January 22, 2022, the Court previously certified the following class:

> Each person in California who purchased from Macy's a CVC (cotton-polyester blend) sheet supplied by [AQ Textiles, LLC] between November 8, 2013, and the present.

5.  The Court provisionally certifies, for settlement purposes only, a Settlement Class defined as:

> All persons who purchased one or more CVC Sheets supplied by AQ Textiles, LLC from a Macy's store in the

    United States or Guam or on www.macys.com between November 8, 2013, and March 24, 2023.

Excluded from the Settlement Class are: All individuals and entities who timely opt-out of this Settlement under Federal Rule of Civil Procedure 23; Defendants' employees, directors, and officers; the Judge to whom this case is assigned and any member of the Judge's immediate family; and any member of the Court's staff.

  6. The requirements for certification of the Settlement Class under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) have been satisfied for settlement purposes. The Court finds, for settlement purposes, pursuant to Rule 23(a): (i) the numerosity requirement is satisfied; (ii) there are questions of law and fact that are common to the Settlement Class; (iii) the claims of the Plaintiffs are typical of the claims of the Settlement Class she seeks to represent for purposes of settlement; and (iv) Plaintiffs and Class Counsel are adequate representatives of the class. The Court further finds, pursuant to Rule 23(b)(2): Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole. The Court further finds, pursuant to Rule 23(b)(3): (i) questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; and (ii) a class settlement is superior to other available means of adjudicating this dispute.

  7. The Court provisionally appoints Plaintiffs Sara Hawes, Cassandra Chiaraluce, and Jonathan Fontaine as Class Representatives of the Settlement Class.

  8. The Court provisionally appoints Michael McShane of Audet & Partners LLP, Charles LaDuca of Cuneo Gilbert & LaDuca, Charles E. Schaffer of Levin

Sedran & Berman, Stuart L. Cochran of Cochran Law PLLC, Drew T. Legando of Merriman Legando Williams & Klang, LLC.

9. Since the Agreement set forth in the Parties' Stipulation of Settlement is within the range of reasonableness and possible Final Approval, Notice should be provided to the Settlement Class pursuant to the proposed Notice Plan.

10. The Court finds that the content of the proposed Settlement Notice satisfies the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), 28 U.S.C. § 1715, and Due Process and accordingly approves the proposed notice. Settlement Agreement Exhibits 4 and 5.

11. The Court approves the Notice Plan and Notice forms, including the Long Form Notice and the Summary Notice. The Court finds that the Notice Plan is the best practicable method to provide notice to potential class members under the circumstances and constitutes valid and sufficient notice to the Settlement Class. *See* Settlement Agreement Exhibit 3.

12. This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Notice Plan. The Court finds that the Notice Plan provides due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement, and informs Settlement Class Members as to how they may exclude themselves from the class. The Court also approves payment of notice costs as provided in the Settlement Agreement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the

circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), 28 U.S.C. § 1715, and Due Process.

13. The proposed Notice provides the best notice practicable under the circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed Settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

14. The Notice includes the date and time of the Final Approval Hearing and specifies the procedure for opting out, filing objections, and appearing at the Final Approval Hearing.

15. The Notice will effectively reach the Settlement Class Members, will come to the attention of the Settlement Class Members, is informative and easy to understand, and the rights and options are easy to act upon. Further, a high percentage of the proposed Settlement Class can be reached and the method is economically viable to adequately notify the Settlement Class Members.

16. The Court appoints Angeion Group, a well-qualified and experienced claims administrator, as Settlement Administrator. The Settlement Administrator shall commence providing notice no later than June 8, 2023.

17. If a Settlement Class Member wishes to exclude himself or herself from the Agreement, the Settlement Class Member must file a Request for Exclusion no

later than August 7, 2023, in the manner set forth in the Stipulation of Settlement. All Settlement Class Members who do not timely submit a valid Request for Exclusion will be bound by the Final Approval and Judgment and enjoined from bringing or prosecuting any action relating to the Released Claims.

18.  The Court will hold a Final Approval Hearing on September 20, 2023, at 10:00 a.m., to determine whether the Settlement should be approved as fair, reasonable, and adequate, and to determine whether a Final Approval Order and Judgment should be entered. The Final Approval Hearing will be held in the Courtroom of Judge Douglas R. Cole, Room 805.

19.  Class Counsel shall file their motion for fees, costs, and incentive awards no later than July 7, 2023.

20.  Any objections by Settlement Class Members to the terms of the settlement or to Class Counsel's application for fees, costs, and incentive awards shall be filed no later than August 7, 2023, in the manner set forth in the Stipulation of Settlement.

21.  The parties shall file and serve papers in support of their application for Final Approval of the Settlement no later than August 28, 2023. Any opposition and reply papers shall be filed pursuant to Local Rules.

22.  At least 14 days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court that it has complied with the notice requirements set forth herein and shall attach a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class.

23. The parties shall, pursuant to the terms and conditions of the Stipulation of Settlement, take all necessary and appropriate steps to establish the terms and conditions of the Stipulation of Settlement and this Preliminary Approval Order.

Pending the Final Approval Hearing, all proceedings, other than the proceedings necessary to carry out or enforce the terms and conditions of the Agreement and Preliminary Approval Order as related to this matter are stayed, and Settlement Class Members are enjoined from bringing or prosecuting any action relating to the Released Claims.

**SO ORDERED.**

May 1, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**