**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| SARA HAWES, *et al.*, | Civil Action: 1:17-CV-00754 |
| Plaintiffs, | Judge Douglas R. Cole |
| v. | |
| MACY'S WEST STORES, INC., | |
| Defendant. | |
| CHIARALUCE, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action: 2:20-CV-00081 |
| MACY'S INC., *et al.*, | Judge Douglas R. Cole |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL**

Come now Defendants Macy's Inc., Macy's Retail Holdings, Inc. n/k/a Macy's Retail Holdings, LLC, Macy's West Stores, Inc. n/k/a Macy's Retail Holdings, LLC, and Macys.com, LLC and submit this Memorandum in Support of Plaintiffs' Motion for Final Approval of the Class Action Settlement in the above-referenced cases.

**A.      Macy's vigorously litigated the dispute.**

The Hawes action was filed on November 8, 2017, and Macy's immediately moved to dismiss. (Doc. 17.) Discovery lasted from September 16, 2019 to June 30, 2021 with extensive document production by Defendants and third-parties, more than ten depositions, and four expert witnesses. Defendants opposed class certification, moved for summary judgment, moved to exclude Plaintiffs' experts, and to strike the untimely "second" reports of Plaintiffs' expert. The

Court granted those motions to strike. (Doc. 117). The Hawes action was headed to trial, based on a class of California purchasers. The result, however, was very uncertain for both parties. To prevail, Plaintiffs would have had to prove the alleged mislabeling for several hundred products, knowledge by Defendants for each of those products along with the value of those products in a but-for-world. Defendants were prepared to continue to vigorously defend, and Plaintiffs faced a very realistic possibility of obtaining no relief or nominal damages.

**B.     The settlement resulted from extensive arm's-length negotiations.**

After the Court denied Macy's summary judgment and certified a California class, the parties agreed to mediation with retired federal magistrate judge, the Honorable Diane Welsh. The parties engaged in two full days of in-person mediation sessions separated by a period of four months. Between the two sessions, the parties exchanged proposals, Defendants provided significant amounts of information related to the number of claims, and the mediator worked with both sides. At the conclusion, of the second full day of in-person mediation, the parties agreed to the key terms of the nationwide settlement now before the Court.

**C.     The settlement benefits the class members.**

The Settlement Agreement provides substantial benefits to class members given that Plaintiffs do not claim that the sheets are defective or fail to function as expected. Plaintiffs instead claim that they would have paid less for the sheets if the thread count were reported differently. But the named Plaintiff did not identify this amount. Nor did Plaintiffs disclose an expert opinion on the amount. Rather Plaintiffs' expert disclosed an opinion on a method to calculate damages without doing so. *See* Doc. 137 at *10 (noting that the Court will not "throw out the expert opinion" proffered by Plaintiffs "because the final damages computation is not []completed.")

But no plaintiff has significant monetary damages. For instance, Plaintiff Sara Hawes alleged she paid $76.11 for her queen bed sheet set that included a fitted sheet, flat sheet, and two pillowcases – with no admissible evidence on what Plaintiff contends she should have paid. Considering Plaintiffs' burden of establishing damages, the recovery under the Settlement Agreement of $7.50 per sheet set[1] or $2.50 per household, depending on whether the purchaser is a verified purchaser is a valuable benefit.  And because Defendants were able to identify more than 1.5 million verified purchasers, all those purchasers may make claims for $7.50 without any proof of purchase, another valuable benefit.  Finally, all of Plaintiffs' claims for injunctive relief in the Hawes case had been dismissed by this Court. In settlement negotiations, however, the parties agreed to injunctive relief requiring a label statement that will benefit all class members and the public generally.

**D.     Objections and claims.**

More than 275,000 claims have already been received, and the claims period does not even begin until final approval and will run for 180 days after claims period.  The parties have requested that the Claims Administrator implement a claims stimulation program which will supplement the notice efforts approved by the Court at the Preliminary Approval stage. Most importantly, there have been no objections to the Settlement.[2]

**E**.     *Cy pres* **is a useful and efficient mechanism.**

The Settlement Agreement allows for payment of claims, a potential second distribution of payment for claims, attorneys' fees and costs subject to Court Approval, and payment of incentive

---

[1] If sufficient funds remain to make a second distribution, verified purchasers may receive up to 50% of the purchase price for their sheets.
[2] One entity has submitted a proposed amicus brief.  Defendants do not oppose submission of the amicus brief but disagree with the substantive points raised in the proposed brief.  That entity seeks to come before the Court as amicus and lacks standing to object to the Settlement.

awards subject to Court Approval. Only after all those items are exhausted will any money be provided to the chosen *cy pres* organization. Despite Macy's efforts at mediation, Plaintiffs were unwilling to agree to a claims-made settlement. Thus, use of a *cy pres* is efficient and fair because there is no other efficient way to distribute excess funds.

\* \* \*

For these reasons and the reasons expressed by Plaintiffs, Defendants respectfully request that the Court enter Final Approval of the Settlement.

Respectfully submitted this the 27th day of September, 2023.

*/s/ Beth A. Bryan*
Beth A. Bryan (Ohio Reg. 0082076)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
bryan@taftlaw.com

Jennifer K. Van Zant (admitted pro hac vice)
NC State Bar No. 21280
Andrew L. Rodenbough (admitted pro hac vice)
NC State Bar No. 46364
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
230 North Elm Street
2000 Renaissance Plaza
Greensboro, NC 27401
Telephone: (336) 373-8850
Facsimile: (336) 378-1001
jvanzant@brookspierce.com
arodenbough@brookspierce.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed via the Court's CM/ECF system, which will send electronic notification to all counsel of record.

                                                            */s/ Beth A. Bryan*  
                                                            Beth A. Bryan