# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| SARA HAWES,<br><br>    Plaintiff,<br><br>v.<br><br>MACY'S WEST STORES, INC.,<br><br>    Defendant. | Civil Action: 1:17-CV-00754<br><br>Judge Douglas R. Cole |
| CHIARALUCE, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>MACY'S INC., *et al.*,<br><br>    Defendants. | Civil Action: 2:20-CV-00081<br><br>Judge Douglas R. Cole |

**AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT**

This Amendment to the Class Action Settlement Agreement is made between (1) Named Plaintiffs Sara Hawes, Cassandra Chiaraluce, and Jonathan Fontaine, on behalf of themselves and a proposed Settlement Class and (2) Defendants Macy's Inc., Macy's Retail Holdings, Inc. n/k/a Macy's Retail Holdings, LLC, Macy's West Stores, Inc. n/k/a Macy's Retail Holdings, LLC, and Macys.com, LLC. Pursuant to Section 15.2 of the Settlement Agreement, the Parties agree to amend the Settlement Agreement as follows:

A. Paragraph 6.1.3. is deleted and is replaced with the following:

Members of the Settlement Class who attest under penalty of perjury that they purchased a unit of CVC Sheets and who do not fall within paragraph 6.1.1. or 6.1.2. will receive $2.50 unless reduced as described below. That amount is capped at $2.50 per Household. These members are not eligible to participate in any second distribution. However, they are eligible to participate in a third distribution as described below in paragraph 6.4 (as amended).

1

B. Paragraph 6.3 is deleted and is replaced with the following:

If after payment of the Fee and Expense Award, Incentive Payments, and Administrative Expenses and after the payment of all Eligible Claims in accordance with paragraphs 6.1.1., 6.1.2., and 6.1.3., there are additional funds remaining from the Settlement Amount, then Settlement Class Members who received payments under paragraphs 6.1.1. and 6.1.2. will receive a second distribution from the Settlement Amount. The second distribution amount will be determined by dividing the remaining funds from the Settlement Amount across the Settlement Class Members who received payments under paragraphs 6.1.1. and 6.1.2. on a weighted basis with the payments being weighted by the amount each Settlement Class Member paid for CVC Sheets for which they submitted an Eligible Claim. In no event, however, will the second distribution amount cause any Settlement Class Member to receive more than 50% of the amount paid by that class member for CVC Sheets for which they submitted an Eligible Claim. These members are also eligible to participate in a third distribution as described below in paragraph 6.4 (as amended).

C. Paragraph 6.4 is deleted and is replaced with the following:

If there are funds remaining after the second distribution and it is economically feasible to make a third distribution, the funds will be distributed to the class on a pro rata basis. If it is not economically feasible to make a third distribution, then the Parties will seek Court guidance regarding the disposition of any remaining funds. As of February 26, 2024, based on the volume of claims received, the Parties reasonably anticipate that there will sufficient funds to make a second distribution but that there will not be any remaining funds for a third distribution.

D. Paragraph 11.15 is deleted and is replaced with the following:

All settlement checks shall be void and no longer negotiable one hundred twenty (120) days after the date the check was issued. If a settlement check is not negotiated, the Settlement Class Member shall not be entitled to any further payment under this Agreement. If the check is returned as undeliverable, the Claim Administrator shall send an email to the claimant, if one was provided with the claim, to attempt to obtain a better address, and if obtained, shall mail the check to the new address. The return or failure to cash checks shall have no effect on a Settlement Class Member's release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect. If any Settlement Class Member fails to cash a check or a check is returned, the funds for that payment will be sent to the unclaimed property fund for the state or jurisdiction in which the Settlement Class Member resides, based on the last known address for that Settlement Class Member.

This Amendment is not intended to affect any other aspects of the Settlement Agreement, including the rights of the Parties under Paragraph 15.2.

WHEREFORE, by signing below, the parties reiterate their agreement to the Settlement Agreement and agree to this amendment:

**[Remainder of page intentionally left blank]**

*[Signature]*
Sara Hawes
Date: 2/29/24

*[Signature]*
Cassandra Chiaratore
Date: 2/29/24

*[Signature]*
Jonathan Fontaine
Date: 2/29/24

**MACY'S INC.**

*[Signature]*
Signature

BY: Matthew S. Schroeder, Vice President
Name and Title

Date: 3/2/24

**MACY'S RETAIL HOLDINGS, INC. n/k/a**
**MACY'S RETAIL HOLDINGS, LLC**

*[Signature]*
Signature

BY: Matthew S. Schroeder, Vice President
Name and Title

Date: 3/2/24

**MACY'S WEST STORES, INC. n/k/a**
**MACY'S RETAIL HOLDINGS, LLC**

*[Signature]*
Signature

BY: Matthew S. Schroeder, Vice President
Name and Title

Date: 3/2/24

**MACYS.COM, LLC**

*[Signature]*
Signature

BY: Matthew S. Schroeder, Vice President
Name and Title

Date: 3/2/24

4

**APPROVED AS TO FORM AND CONTENT:**

AUDET & PARTNERS, LLP
LEVIN SEDRAN & BERMAN, LLP
CUNEO GILBERT & LADUCA LLP
MERRIMAN LEGANDO
WILLIAMS & KLANG, LLC

Attorneys for Plaintiffs and the
Putative Settlement Class

_/s/ Michael McShane_

Michael McShane

Date: 3/4/24

BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, LLP
Attorneys for Defendants

_/s/ Jennifer K. Van Zant_

Jennifer K. Van Zant
Andrew L. Rodenbough

Date: 3/4/24

TAFT STETTINIUS & HOLLISTER LLP
Attorneys for Defendants

_/s/ Beth A. Bryan_

Beth A. Bryan

Date: 3-4-2024