UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SARA HAWES, et al.,

    Plaintiffs,

v.

MACY'S INC., et al.,

    Defendant.

Case No. 1:17-cv-754 (Lead Case)
(Consolidated with 2:20-cv-81)

JUDGE DOUGLAS R. COLE

## ORDER

Before the Court is the plaintiffs' Unopposed Motion for Final Approval of the Amended Settlement (Doc. 170), asking the Court to approve the parties' amended class-action settlement agreement. The Court rejected the original class-action settlement agreement in *Hawes v. Macy's, Inc.*, No. 1:17-cv-754, 2023 WL 8811499 (S.D. Ohio Dec. 20, 2023), holding that the settlement agreement, by way of a cy pres provision, inappropriately "divert[ed] class funds to an unrelated third party, whose use of the funds will not benefit the class's interests here, directly or indirectly." *Id.* at *18.

The Court noted, however, that the settlement agreement was "fair, reasonable, and adequate" under Federal Rule of Civil Procedure 23(e)(2) in all other respects, and that the cy pres provision was the sole reason for disapproval. *Id.* at *10–*13, *18. The parties have since amended the settlement agreement and addressed the Court's concerns. In light of the high number of claims filed since the Court's fairness hearing on October 20, 2023, the new agreement provides that the

claims administrator will make three distributions (assuming funds remain after each successive distribution) to different categories of class members. (*See* Doc. 170-3, #4758–59). Based on the number of claims already submitted, the plaintiffs state that these distributions will completely exhaust the common fund. (Doc. 170, #4745–46). If, during the distribution process, checks are uncashed or returned as undeliverable, the funds for those payments will be sent to the unclaimed property fund for the state or jurisdiction which that class member resides. (Doc. 170-3, #4759).

In other words, the class's common fund will go entirely to the class. No portion of the common fund will go to a cy pres recipient. The Court finds that this settlement agreement is "fair, reasonable, and adequate" under Rule 23(e)(2) for the reasons set forth in its prior opinion. *See Hawes*, 2023 WL 8811499, at *10–*13. The Court therefore **GRANTS** the Unopposed Motion for Final Approval of the Amended Settlement (Doc. 170) and **APPROVES** the final settlement as amended.

SO ORDERED.

April 15, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**